## OKLAHOMA CITY v. BUCKLEW.

No. 16159—Opinion Filed Feb. 2, 1926.

(Syllabus.)

**Municipal Corporations—Employe in Charter City not Entitled to Vacation on Pay.**

Under the provisions of paragraph 10, article 4, of the charter of Oklahoma City, and section 954 of the Revised Ordinances of 1913, Oklahoma City, an employe of the said city is not entitled to a vacation on pay as a matter of right.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by G. M. Bucklew against Oklahoma City. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to render judgment for the plaintiff in error.

John Frank Martin, Municipal Counselor, and R. E. Wood, Assistant Municipal Counselor, for plaintiff in error.

Robert W. Maupin, for defendant in error.

RILEY, J. This matter presents an appeal from the district court of Oklahoma county in a trial de novo on appeal from the justice court of Oklahoma City. The defendant in error was granted judgment for the recovery from the plaintiff in error of full pay for a period of 15 days' vacation from his employment as policeman in Oklahoma City. Mr. Bucklew worked for the city in the capacity of policeman from the 1st day of May, 1919, to the 30th day of April, 1923. He received his first vacation of two weeks, August 24, 1920, for the year beginning May 1, 1919, and ending April 30, 1920. For the year beginning May 1, 1920, and ending April 30, 1921, he did not have a vacation and he did not apply for one. For the year beginning May 1, 1921, and ending April 30, 1922, he was given a vacation in November, 1922. For the year beginning April 1, 1922, and ending April 30, 1923, he had no vacation, and filed this suit for the recovery of full pay for 15 days' vacation. His application was said to have been filed May 1, 1923.

The question on appeal, as submitted, is whether or not a city employe is, under the provisions of the charter and ordinances, entitled to a vacation as a matter of right.

The charter of Oklahoma City, in paragraph 10, article 4, thereof, provides as follows:

"The board of commissioners shall provide by ordinance for a vacation of not less than ten nor more than 15 days each year on full pay for each city employe, provided, he has been in the continuous service one year; such vacation to be taken in each instance at such time as may be approved by the commissioner in charge of the department in which said employe works. The commissioner of public safety shall, with the chief of the fire department, arrange for 24 hours off duty in every seven days for each active fireman on the force, provided same can be done without injury to the service."

This provision of the charter imposes the duty upon the city commissioners to pass an ordinance covering the subject-matter involved, and in pursuance of such charter the commissioners passed an ordinance which is as follows:

"Section 954. Vacations for Employes Provided. The head of any department of the city of Oklahoma City, may grant any employe thereof who has been in the continuous service of said city one year since having received a previous vacation, not to exceed fifteen (15) days annual leave or vacation, with pay."

Under section 954, the city is not bound to grant a vacation as a matter of right.

The ordinance in its provision, "The head of any department of the city of Oklahoma City may grant any employe thereof, etc.", makes the matter of a vacation to city employes discretionary with the head of the department in which the employe serves. It is not shown by the record that the head of the department at any time exercised his discretion in this regard. For this reason, we are of the opinion that the judgment of the trial court must be reversed, and the action remanded, with directions to render judgment for the plaintiff in error.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, LESTER, and HUNT, JJ., concur.