COMPENSATION — ANNUAL LEAVE Absent a specific statute providing therefor, a state officer is not entitled to be paid for accrued annual leave upon termination. A state employee classified under the Merit System Act is entitled to be paid for accrued annual leave upon separation pursuant to the rules of the State Personnel Board. Employees classified under Chapter 24 of Title 74 who are not classified employees under the Merit System Act are entitled to payment for accrued annual leave pursuant to 74 O.S. 708 [74-708] (1971). State employees who are not classified under either the Merit System Act or said Chapter 24 may nevertheless be entitled to payment for a reasonable amount of accrued leave under a formal personnel policy recognizing such compensation or pursuant to the express or implied provisions of the contract of employment. Where the right to payment for accrued leave is based on an implied agreement, the employee must overcome a presumption against such right and no unused vacation time may be accumulated from prior years. Where the right of an employee to payment for accrued leave is established, such compensation should be recognized notwithstanding a statutorily set salary or salary range. The immediate filling of a position vacated by an employee to whom payment for accrued annual leave is paid would not constitute the filling of more than one position under a statutory limit on the number of full-time equivalent employees. The responsibility for approving the validity of payroll claims is in the administrative head of the agency submitting the claim or the designated employee, and the Director of State Finance is not authorized to reject a claim valid on its face which complies with the statutes governing the procedures for submission of claims to the Office of the Director of State Finance. The Attorney General has considered your request for an opinion, wherein you ask, in effect, the following questions: 1. Under what circumstances are officers and employees of the State entitled to compensation for accrued but unused annual leave upon separation from their positions? 2. What effect will payment of compensation for accrued but unused annual leave at the time of separation of a state employee have upon a statutory limitation on the number of full-time equivalent employees for the employing agency? 3. Is it the responsibility of the official approving the payroll to comply with the laws governing payment for accrued annual leave rather than the Director of State Finance? In Local Union No. 186, United Packing House Food and Alliance Workers v. Armour and Company, 6th Cir., 446 F.2d 610
(1971), the term "vacation pay" was defined as follows: "Many tribunals have taken the view that vacation pay is simply an alternate form of wages, earned at the time of other wages, but whose receipt is delayed. So eminent a jurist as Judge Learned Hand declared, in 1940, that:" `A vacation with pay is in effect additional wages. It involves a reasonable arrangement to secure the well-being of the employees and the continuance of harmonious relations between employer and employee. The consideration for the contract to pay for a week's vacation had been furnished, that is to say, one year's service had been rendered prior to June 1, so that the week's vacation with pay was completely earned and only the time of receiving it was postponed.' In re Wil-Low Cafeterias, Inc., 111 F.2d 429, 432 (2d Cir. 1940)." In responding to your first question, we shall first discuss the concept of vacation pay relative to state officers and then turn to the question of vacation pay for state employees. The distinction between an officer and an employee of the State was discussed in Guthrie Dally Leader v. Cameron, 3 Okl. 677, 41 P. 635 (1895), wherein the Court, in its first syllabus, stated: "A public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is in vested with some portion of the sovereign functions of the government, either executive, legislative, or judicial, to be exercised for the benefit of the public; and unless the powers conferred are of this nature the individual is not a public officer." A similar statement is found at 63 Am.Jur.2d 11: ". . . Al position is a public office when it is created by law, with duties cast on the incumbent which involve some portion of sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent, a public employment, on the other hand, is a position in the public service which lacks sufficient of the foregoing elements or characteristics to make it an office. . . ." Generally, the question of vacation pay relates to employees rather than officers of the State. The compensation to which a public officer is entitled was discussed in Young v. Town of Morris, 47 Okl. 743, 150 P. 684 (1915): ". . . Salary of an official position belongs to the officer occupying such position as an incident to the office and does not depend upon his performance of the duties of the office. The right of an officer to salary is such only as is prescribed by statute, and while he holds the office, such right is in no way impaired by his occasional or protracted absence from his office, or the neglect of his duties . . ." As said by Throop in his excellent work on Public Officers, 500: "`The compensation for official services are not fixed upon any mere principle of quantum meruit, but upon the judgment and consideration of the Legislature, as a just medium for the services which the officer may be called upon to perform. . . . Yet nothing additional to the statutory reward can be claimed by the officer . . . The fees or salary of office are quic quid honorarium and accrue from mere possession of the office.'" Compensation of an officer is not dependent, therefore, upon the performance of his duties or contractual rights, but rather is paid as incident to the office. Nothing additional to the statutory award can be claimed. However, since vacation pay is regarded as additional wages, absent a specific statutory provision allowing such additional compensation, an officer of the State, even though serving in a full-time capacity, is not entitled to receive compensation for accrued leave upon separation from his position. Specific provision is made for certain state officials under the Merit System of Personnel Administration to receive payment in lieu of accrued but unused annual leave upon separation. Similarly, 74 O.S. 708 [74-708] (1971), recognizes the right of regular employees classified under Chapter 24 of Title 74 to be paid for the unused vacation leave at the time of separation. Absent such a statute, a state officer could not lawfully receive such compensation. Any state officer within the Merit System or the classified service of Chapter 24 of Title 74 would, however, be entitled to the compensation for accrued leave provided thereunder. In this regard, the fact that the officer is appointed rather than elected or serves for an indefinite term as opposed to a fixed term would not call for a different result. The relevant inquiry is whether the position falls within the definition of a public office. If so, compensation fixed by law could not be exceeded by payment of compensation for unused annual leave unless authorized by other specific authority. As to employees of the State, as stated above, express provision is made for classified employees under the Merit System of Personnel Administration to receive payment for accrued annual leave upon separation under certain specified conditions. See, Rules, Oklahoma State Personnel Board, Section 74 O.S. 1410 [74-1410], et seq. Such rules are promulgated under the legislative mandate of 74 O.S. 805 [74-805] (1971), which, in pertinent part, provides that duties of the State Personnel Board include: "(2) Adopt, initiate the adoption of, approve, modify, reject, or establish such rules and regulations as may be necessary to give effect to the merit system of personnel administration as contemplated by this act. Such rules and regulations shall include provision for the establishment and maintenance of classification and compensation plans according to their respective duties and responsibilities, . . . "(9) Adopt and enforce a uniform compensation plan for each class of positions within the classified service. . . ." It was the clear intent of the Legislature under Section 805 to delegate to the State Personnel Board the authority to provide rules governing compensation of employees classified under the Merit System Act. Moreover, any statutorily set salary of a state employee should be viewed as in harmony with the Merit System rules promulgated pursuant to Section 805, if possible, and since we do not view the setting of a salary or salary range by statute or in an appropriation bill as being in irreconcilable conflict with the specific provision for payment of accrued leave, effect should be given to both. Under 74 O.S. 708 [74-708] (1971), express provision is made for employees classified under Chapter 24, Title 74, to be paid for unused vacation leave upon separation. An Opinion of the Attorney General dated November 15, 1960, concluded that a state employee may be subject to the provisions of Section 708 enacted in 1957, notwithstanding the enactment of the Merit System Act in 1959. The Opinion concluded that where an employee was a classified employee under both acts the rules of the Personnel Board promulgated pursuant to the Merit System Act of 1959 would control. The state employees who continued to be subject to Section 708 are, therefore, expressly entitled to be paid for accrued annual leave upon separation under Section 708. Effect should be given to Section 708 even where the salary of an employee is fixed by a statute under the reasoning above that statutes on the same subject are to be harmonized where possible. An employee who is not classified under either the Merit System Act or Chapter 24 of Title 74 may nevertheless be entitled to payment for accrued leave upon separation pursuant to a personnel policy adopted by the employing agency. Where an agency is statutorily authorized to adopt rules and regulations and fix the compensation of its employees, a formal personnel policy may be adopted granting nonclassified employees a right to payment for a reasonable amount of accrued leave upon separation. In this regard, the opinion of the Attorney General dated November 15, 1960, concluded that the granting of vacation leave to an employee who is not within the classified service of either the Merit System Act or Chapter 24 of Title 74 is within the discretion of the employing authority. The discretion of an employing authority to grant reasonable vacations with pay is recognized therefore in the absence of a restrictive statute. It would seem that such discretion should likewise extend to a monetary payment for accrued annual leave unused at the time of termination of employment. As to such employees, a statute fixing salary should not be viewed as restricting payment for accrued leave pursuant to an agency policy promulgated under general statutory authority to employ personnel and fix their compensation or conditions of employment. It is doubtful that a statute stating an employee's salary was intended to divest an employing officer or agency of discretion to pay for accrued leave on separation or to preclude such employees from being compensated in the manner accorded the vast majority of state employees under the State Merit System Act or 74 O.S. 708 [74-708] (1971). Where no formal, written, personnel policy exists, however, employees not classified under the Merit System Act or Chapter 24 of Title 74 would have the burden of proving that payment for accrued leave upon termination was a part of their employment contract. It is true that a public employee may be entitled to vacation pay on separation although no statute or formal personnel policy provides therefor. In City of Webster Groves v. Institutional and Public Employees Union, Mo., 524 S.W.2d 162
(1975), it is stated: "The right to vacation pay upon termination of the employer/employee relationship is a contractual right. It may be the subject of the provisions of a written contract. . . . Or it may be established by implied contract. . . . Customs and usages may by implication become a part of the parties' contract. . . ." It has further been held in Walters v. Center Electric, Inc., Wash.App.,506 P.2d 883 (1973), that an employee is presumed not to be impliedly entitled to payment for accrued annual leave: ". . . The right to vacation time is the right to continue to receive one's regular salary even though absent from work for a stated period of time. It is not, however, a right to continue to work fulltime, receive full wages, and also receive additional pay in lieu of absenting oneself from employment. This latter arrangement is a right, obtainable contractually through the employment contract, known as the right to receive pay in lieu of or in satisfaction of vacation time. It is a right, therefore, to receive extra compensation. In that sense it is akin to a right to receive overtime pay. "All services rendered by an employee during the period for which he is employed, of a nature similar to those required of him in the course of his regular duties, are presumably paid for by his regular salary. In order to overcome this presumption an employee must establish that the contract of employment, expressly or impliedly, provides for extra compensation." A similar holding is that of Oklahoma City v. Bucklezu, 114 Okl. 85, 243 P. 519 (1926), wherein a municipal employee was denied compensation for accrued vacation after separation where the employee was unable to show that his employer had exercised his discretion so as to entitle the employee to payment for accrued vacation. Moreover, it has been held in Woodham v. City of Jacksonville, Fla.App., 276 So.2d 175 (1973), that vacation time may not be accumulated from year to year absent express authority therefor: ". . . An employee entitled to annual vacation time may either accept or waive the benefits so conferred upon him by the terms of this employment. Vacation time earned but not taken or used during the annual period in which it accrues may not be accumulated from year to year in the absence of specific statutory authority. . . ." As to your second question, the most recent Opinions of this office, 3 Op.A.G. 226 (No. 70-242), and 4 Op.A.G. 14 (71-110), hold that although an employee is entitled to be credited for unused vacation leave upon separation, the master servant relationship ends at the time of separation. Moreover, payment for accrued leave is compensation for prior service when an employee separates from his position. Assuming funds are available, an agency would, therefore, be entitled to immediately fill the position vacated by an employee to whom payment for accrued annual leave is paid, and such action would not constitute the filling of more than one position under a statutorily set limit on the number of full-time equivalent employees. As to your third question, 62 O.S. 41.26 [62-41.26] (1975), provides that individual claims and/or payrolls are to be approved by the elected or appointed head of the state department, board, commission, institution, or agency or their designated administrative employees. A bond is required under said section of such approving officers to assure faithful performance of their duties in this regard, if not otherwise under bond for such purpose. We find no statute making the Director of State Finance generally responsible for the legality or validity of a claim. Assuming that the statutorily prescribed procedures, particularly those provided under Section 62 O.S. 41.16 [62-41.16] (1971), are met, the Director of State Finance would not be authorized to reject a payroll claim except where the invalidity of the claim is apparent on its face. The responsibility for the approval of claims is vested under Section 62 O.S. 41.26 [62-41.26] in the administrative head of the agency or the employee designated for such purpose. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Absent a specific statute providing therefor, a state officer is not entitled to be paid for accrued annual leave upon termination. A state employee classified under the Merit System Act is entitled to be paid for accrued annual leave upon separation pursuant to the rules of the State Personnel Board. Employees classified under Chapter 24 of Title 74 who are not classified employees under the Merit System Act are entitled to payment for accrued annual leave pursuant to 74 O.S. 708 [74-708] (1971). State employees who are not classified under either the Merit System Act or said Chapter 24 may nevertheless be entitled to payment for a reasonable amount of accrued leave under a formal personnel policy recognizing such compensation or pursuant to the express or implied provisions of the contract of employment. Where the right to payment for accrued leave is based on an implied agreement, the employee must overcome a presumption against such right and no unused vacation time may be accumulated from prior years. Where the right of an employee to payment for accrued leave is established, such compensation should be recognized notwithstanding a statutorily set salary or salary range. The immediate filling of a position vacated by an employee to whom payment for accrued annual leave is paid would not constitute the filling of more than one position under a statutory limit on the number of full-time equivalent employees. The responsibility for approving the validity of payroll claims is in the administrative head of the agency submitting the claim or the designated employee, and the Director of State Finance is not authorized to reject a claim valid on its face which complies with the statutes governing the procedures for submission of claims to the Office of the Director of State Finance. (Joe C. Lockhart)