[Civ. No. 7871. Second Appellate District, Division Two.—June 20, 1933.]

FRANCIS JAMES BOLD, Appellant, v. BOARD OF MEDICAL EXAMINERS, Respondent.

W. T. Kendrick, Sr., W. T. Kendrick, Jr., and Caryl Warner for Appellant.

Richard M. Lyman, Jr., Otto J. Emme and Bayard R. Rountree for Respondent.

ARCHBALD, J., *pro tem.*—After a hearing before the Board of Medical Examiners appellant's license to practice medicine in the state of California was revoked. Thereafter a petition for a writ of *certiorari* to review the proceedings

before said board was filed in the Superior Court of Los Angeles County, which court, upon the hearing of the issues raised by the petition, answer and return made to the writ, rendered judgment affirming the action of said board and denying relief to petitioner. From such judgment petitioner has appealed.

It is contended (1) that the proceedings before the board were barred by the statute of limitations; (2) that the board had no jurisdiction to revoke such license, for the reason that the evidence taken fails to show that appellant procured an abortion upon a pregnant woman, as alleged; (3) that the board acted without having all "proper" evidence offered, and (4) that said board divested itself of jurisdiction over appellant by previously revoking the latter's license in a separate proceeding.

■ (1) Appellant urges that the proceedings were barred by section 339 of the Code of Civil Procedure, subdivision 1, in that the complaint before the board was filed March 28, 1930, and the alleged abortion is charged to have been performed March 30, 1927. He contends that the hearing before the board was a special proceeding of a civil nature, and an action within the meaning of section 363 of the Code of Civil Procedure. With such contention we cannot agree. The proceeding before the board is not a civil action (sec. 312, Code Civ. Proc.), which includes "a special proceeding of a civil nature" (sec. 363, Code Civ. Proc.), to the commencement of which the statute of limitations relates. Such provision in our opinion relates only to actions or special proceedings in courts, and not hearings before boards. (*In re Lowenthal,* 78 Cal. 427 [21 Pac. 7]; *Ex parte Tyler,* 107 Cal. 78 [40 Pac. 33].) Respondent board is not a "court" (*Suckow* v. *Alderson,* 182 Cal. 247, 249 [187 Pac. 965]), even though it exercises a power judicial in its nature. The purpose of the act under which the proceeding was instituted is to keep unqualified and undesirable individuals, or those guilty of unprofessional conduct, out of the medical profession, and the staleness of the charge would not necessarily make it reflect less upon the character of the person charged. In our opinion the effect of the staleness of such charge, if any, on such character, is a matter exclusively within the jurisdiction of the board, there being no statutory bar applicable. Assuming, without de-

ciding, that it is within the province of the legislature to say that unprofessional conduct, engaged in for a stated time prior to the bringing of a charge, shall not be considered by the board, it has not done so and we cannot.

■ (2) If a *quasi*-judicial body such as the Board of Medical Examiners acts without competent evidence it exceeds its jurisdiction, and the writ of *certiorari* or review may be used to determine whether or not it has so acted. (*Osborne* v. *Baughman*, 85 Cal. App. 224 [259 Pac. 70].)

■ The complaint filed with respondent for the revocation of his license charged unprofessional conduct on the part of appellant in that he did "procure, . . . attempt, agree and/or offer to procure a criminal abortion upon a pregnant woman, to-wit, Margaret de la Cuesta". Mrs. de la Cuesta testified that she was married, living and having marital relations with her husband; that she had passed her last monthly period and for at least a week "couldn't eat anything", was "very sick to my stomach", and "was dreadfully sick all over", but otherwise in normal health, and that from her own knowledge of her condition she believed she was pregnant. Two visits were made to appellant by Mrs. de la Cuesta. At the first, the arrangement was made to have the operation performed. At the second, she passed through the reception room, into the operating room; and without going into the details of what was said and done, we are of the opinion that, considering all that was said on the first visit, together with the lack of conversation on the second, as well as the acts and circumstances surrounding the operation, there is ample evidence in the record to justify the action of respondent board.

■ (3) The witness Edna Cook was asked as to a question put to her at the hearing in the superior court, to which objection was made and sustained. The question was in effect whether the witness noticed appellant's hands at any time after the anesthetic was administered and before she left the table, and it appears that she had answered, "I did not; I did not take any particular notice of them." Later on she was asked the same question by appellant, to which she replied, "Yes, I saw them." Counsel for appellant then renewed his request for permission to ask as to the testimony given in the trial court in response to the same question. After some colloquy, the president of the board asked

the witness: "Now did you see his hands?" to which she replied, "Yes. Q. Did you take any particular notice of his hands? A. I did not take any particular notice of them but I saw them." We fail to see where any prejudice could have resulted to appellant by reason of the ruling complained of.

(4) It appears that during the same hearing evidence was taken tending to show that appellant performed a similar operation upon another woman. The board first acted upon such complaint by deciding that appellant's license should be revoked, and afterwards a vote was taken upon the charge here involved. Appellant contends that having already revoked his license the board lost jurisdiction to act on the evidence taken before it so acted, notwithstanding the fact that an appeal is still pending on such order, so far as the record discloses. We see no merit in the contention. Respondent had jurisdiction of both charges and jurisdiction to decide both charges and such decisions could not be made simultaneously but had to be made successively.

Judgment affirmed.

Craig, Acting P. J., and Stephens, J., concurred.