[Civ. No. 5043.   Third Appellate District.—March 1, 1934.]

LOIS S. SAXTON, Appellant, v. STATE BOARD OF EDUCATION et al., Respondents.

W. A. Alderson for Appellant.

Robert A. Odell, John B. Beman, U. S. Webb, Attorney-General, L. G. Campbell, Deputy Attorney-General, Everett W. Mattoon, County Counsel, and Ernest Purdum, Deputy County Counsel, for Respondents.

PLUMMER, J.—This action was begun by the plaintiff against the State Board of Education of the State of California, the County Board of Education of the County of Los Angeles, the Board of Education of the City of Los Angeles, the State Superintendent of Public Instruction, County Superintendent of Schools of Los Angeles County and the Superintendent of Schools of the City of Los Angeles, and all the members of the respective boards individually, for the purpose of restraining the proceedings instituted before the State Board of Education of the State of California, having for its purpose the examination into charges preferred against the plaintiff, and also the determination of the question as to whether the life diploma held by the plaintiff to teach school in the state of California should not be revoked. The defendants had judgment, and the plaintiff appeals.

Upon this appeal the only questions tendered for our determination are that the cause is *res judicata*, and, also, the proceedings before the State Board of Education are barred by the statute of limitations.

The contention that the proceedings before the State Board of Education involved only issues which have been once determined is based upon the case of *Saxton* v. *Board of Education of Los Angeles City School District*, reported in 206 Cal. 758 [276 Pac. 998]. This case and the record before us shows that in the school year of 1925 and 1926, charges were preferred against the plaintiff by the superin-

tendent of the Los Angeles city schools, and after hearing had before said board, the plaintiff was dismissed from her position as a teacher in the schools of said district. Thereafter, an action was begun in the Superior Court of the County of Los Angeles, which resulted in a judgment restoring the plaintiff to her position as a teacher of the school in said district. The action of the superior court was affirmed by the decision of the Supreme Court to which we have referred. In this action, based upon the provisions of section 1609 of the Political Code, as it then read, the trial court found that the charges preferred against the plaintiff were untrue; that the plaintiff had been wrongfully dismissed, and a writ of mandate was accordingly issued directing that the plaintiff be restored to her position as a teacher of the schools in said district. After the coming down of the decision of the Supreme Court affirming the action of the trial court in the case of *Saxton* v. *Board of Education of Los Angeles City School District, supra*, Frank A. Boullele, superintendent of the Los Angeles city schools, on or about the second day of August, 1929, filed with the State Board of Education of the State of California charges against the plaintiff, alleging substantially the same charges which had been presented to the Board of Education of the Los Angeles City School District, save and except as to an additional charge that the plaintiff had testified, in 1926, that she had at a previous time, to wit, on or about the year 1922–1923, had improper relations with the superintendent of the Ninth Street school, one of the schools of the Los Angeles School District. A copy of these charges was served upon the plaintiff, and also the taking of testimony and the inquiring into said charges, and the hearing of the same were referred to the County Board of Education of Los Angeles County, whereupon this action was begun to restrain all of the various boards herein referred to from taking any further proceedings with reference to said charges, or the hearing of the same. The trial court made no findings as to the truth of the charges, nor is any question as to the sufficiency thereof presented to us for our determination; nor is any question presented for our consideration as to whether injunction is the proper remedy. We may, however, state that in all the cases which have come to our attention, the proceedings wherein the sufficiency of the charges are pre-

sented for consideration have been by way of writs of review. As an illustration of such proceedings we cite the following cases: *Rapaport* v. *Civil Service Commission of State of California,* 134 Cal. App. 319 [25 Pac. (2d) 265]; *Bold* v. *Board of Medical Examiners,* 133 Cal. App. 23 [23 Pac. (2d) 826]; see, also, *Bold* v. *Board of Medical Examiners,* 135 Cal. App. 29 [26 Pac. (2d) 707]; *Traxler* v. *Board of Medical Examiners,* 135 Cal. App. 37 [26 Pac. (2d) 710].

While the charges preferred before the Board of Education of the Los Angeles School District and the Board of Education of the State of California are substantially the same, save and except as to the one item which we have mentioned, the purpose of the filing of the charges and the objects sought to be obtained are entirely distinct. The Board of Education of the School District of the City of Los Angeles has jurisdiction only of city schools, of the employment of teachers and the dismissal of the teachers within the area of the Los Angeles City School District. Whether circumstances had occurred which justified the City Board of Education dismissing the plaintiff from her position of a teacher were essentially distinct and different in the conclusions from that which could or might be reached by the Board of Education of the State of California. The results of the conclusions reached by the respective boards would necessarily be distinct, while the action of the State Board of Education, if resulting in a revocation of the right of the plaintiff to teach within the state of California, would necessarily remove her from the school department of the city of Los Angeles, the dismissal of the plaintiff from the schools of Los Angeles by the City Board of Education would have no legal effect upon her right to teach in any other school within the state; nor would the dismissal of the plaintiff from her position as a teacher in one of the schools of the City of Los Angeles District act as a bar to prevent the City Board of Education of said city re-employing the plaintiff.

The State Board of Education was not a party to the proceedings had before the Board of Education of the Los Angeles School District resulting in her dismissal and the annulment of such dismissal by the action prosecuted in the Superior Court of Los Angeles County. That action did not

involve the right of the plaintiff to hold a diploma or certificate entitling her to teach in any of the schools of the state of California. It thus appears that the parties were and are distinct, and the purposes of the two proceedings were and are likewise distinct and separate proceedings, having different objects and purposes in view.

In order that the doctrine of *res judicata* may apply, even in courts of general jurisdiction the matters adjudicated must be the same, and the parties the same, or the successors of the parties basing their claims upon the same rights. As said in 15 California Jurisprudence, page 107: "Regardless of the character of the tribunal and proceedings in other respects, they both must have been such as to give 'concurrent jurisdiction' over the matter adjudicated, in order that the judgment may be conclusive in subsequent proceedings." Also, on page 106, of the same volume, we find the following: "The principle of *res judicata* applies not only to courts in the narrow sense of the term, but likewise to the final adjudications of all boards or officers acting in a judicial capacity upon matters within their jurisdiction. Whenever any board, tribunal or person is by law vested with authority to judicially determine a question, such decision, when made, is *res judicata* and as conclusive of the issues involved in the decision as though the adjudication had been made by a court of general jurisdiction."

The Board of Education of the Los Angeles City School District had no jurisdiction to determine, as we have said, the right of the plaintiff to teach in any other of the schools of the state of California. All the jurisdiction such board possessed was confined to the question of determining whether the plaintiff should or should not be dismissed as a teacher in the school where she was then employed.

In the case of *Bold* v. *Board of Medical Examiners*, 135 Cal. App. 29 [26 Pac. (2d) 707], the plaintiff in that case was tried upon a criminal charge of malpractice and acquitted. Thereafter, proceedings were instituted before the board of medical examiners of the state, resulting in the revocation of the petitioner's license to practice. The court held that the principle of *res judicata* did not apply, and the fact that the plaintiff had been tried upon a criminal charge and found not guilty was no bar to the proceedings before the board of medical examiners, having for their

purpose the revocation of the license held by the plaintiff. The same rule was followed in the case of *Traxler* v. *Board of Medical Examiners, supra.*

In view of the facts set forth herein showing the dissimilarity of the proceedings and the cases which we have cited, further discussion seems unnecessary to justify the holding of the trial court that the principle of *res judicata* is inapplicable to this case.

■ Is the contention of the appellant that the proceedings before the State Board of Education were and are barred by the provisions of section 338 of the Code of Civil Procedure, well founded? That section specifies that certain *actions* shall be commenced within three years, the plaintiff calling attention to the first subdivision, which reads: "An action upon a liability created by statute, other than a penalty or forfeiture."

The contention of the appellant is answered in the negative by the opinion of the court in *Bold* v. *Board of Medical Examiners,* 133 Cal. App. 23 [23 Pac. (2d) 826]. The question there presented and determined was whether the provisions of section 339 of the Code of Civil Procedure, limiting actions to two years, barred proceedings before the board of medical examiners. It was there held that the proceedings before the board of medical examiners not being a civil action or special proceeding in court, the bar of the statute did not apply.

In 16 California Jurisprudence, page 407, the text, supported by numerous authorities, reads: "The statute of limitations operates only as a bar to actions or proceedings in a court of law. If one has a remedy which can be availed of without suit, and in no other way, as where a statute provides for the collection of assessments by sale of the property affected, and no provision is made for a suit to enforce such assessment, the statute has no application. The statute is complete in the provisions made for the limitation of time upon proceedings instituted before a court of law."

In view of the recent holding in the Bold case, *supra,* and the cases supporting the text in California Jurisprudence, *supra,* we deem it unnecessary to cite further authorities.

The question of laches raised by the appellant is likewise negatived in the case of *Bold* v. *Board of Medical Examiners, supra.*

As the defendants all had judgment, it is unnecessary to pass upon the question as to how many of them were proper parties.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 30, 1934.