159 Cal.App.2d Supp. 869 (1958)
THE PEOPLE, Respondent,
v.
RALPH E. POWER, Appellant.
California Court of Appeals. 
Apr. 4, 1958.
 Procopio, Price, Cory & Schwartz and Kenyon C. Keller for Appellant.
 James Don Keller, District Attorney (San Diego), and Albert L. Wells, Deputy District Attorney, for Respondent.
 Pauline Nightingale, Leon H. Berger and Conrad Lee Klein, Attorneys for Division of Labor Law Enforcement, Department of Industrial Relations, as Amici Curiae on behalf of Respondent.
 Before Turrentine, P. J., Glen, J., and Burch, J.
 THE COURT.
 The defendant appeals from a misdemeanor conviction upon three counts of violation of the State Labor Code. He was charged in the first count with a violation of section 216; in the second count with a violation of section 222; in the third count with a violation of section 204, and in the fourth count with a violation of section 207. He was acquitted on the fourth count but convicted on the other three.
 The facts involved, insofar as they are necessary to a decision of this matter, are not in substantial dispute. In June, 1955, the defendant employed one Silas Brewer in connection with his business. At the time of the employment it was mutually agreed that Brewer should receive as pay the sum of $1.50 per hour. In October, 1955, by like mutual agreement, this pay was increased to $1.65 per hour. Brewer continued [159 Cal.App.2d Supp. 871] in the employment until May, 1956. Both rates of pay are in excess of any minimum wage law. There is no question but that the wages agreed upon were at all times paid to and received by Brewer at the times and in the manner required by law.
 The contention arises from the fact that at the time of his employment there was in existence an agreement between defendant and the Shopmen's Local Number 627. The contention was made after the termination of Brewer's employment that by this agreement he should have been paid $1.75 an hour, the defendant contending that Brewer was employed simply as a handyman or general utility man and that his wages were not covered by the union contract. It will be unnecessary for the court in this opinion to determine the question of the construction of the agreement for the reason that the important point is that Brewer was hired at an agreed rate of wages and was paid that wage, and this dispute did not arise until after the termination of his employment.
 In the first count defendant was charged with a violation of section 216 of the Labor Code which makes it a misdemeanor for one having the ability to pay, to unlawfully refuse to pay wages when due, or who falsely denies the wages with the intent to harass, oppress, hinder, delay or defraud the employee. The two other counts here involved did not contemplate any other additional facts but were merely added in the process of trying to plead as many counts, based on the same facts, as could be found in the Labor Code.
 The proper determination of the issues involves the correct construction of section 216 of the Labor Code and whether that section applies to a situation such as is here presented. The courts have had occasion several times to consider the constitutionality of this section, particularly with reference to the claim that it violated article I, section 15 of California Constitution prohibiting imprisonment for civil debt, or in other words, the use of the criminal statutes to collect civil obligations.
 [1] "As in the case of all constitutional provisions designed to safeguard the liberties of the person, every doubt should be resolved in favor of the liberty of the citizen in the enforcement of the constitutional provision that no person shall be imprisoned for debt." (11 Am.Jur. 1128, 327; see also 16 C.J.S. 1004, 204(1).)
 The statute was first upheld in In re Oswald, 76 Cal.App. [159 Cal.App.2d Supp. 872] 347 [244 P. 940]. This decision has been disapproved in part by the Trombley case hereafter referred to.
 In the case of In re Trombley, 31 Cal.2d 801 [193 P.2d 734], the Supreme Court of California carefully considered all of the decisions upon this subject and again considered the validity of this statute. In this case it is made clear that the criminal procedure may not be used to defeat the constitutional guarantee against imprisonment for debt. It is held, however, that the statute is valid as applying to a situation where an employer wilfully or for the purpose of oppressing or defrauding his employee intentionally or fraudulently withholds his wages. [2] The court stated the rule as follows: "It has long been recognized that wages are not ordinary debts, that they are preferred over other claims and that because of the economic position of the average worker, and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due." (In re Trombley, supra, p. 809.)
 Sacred as are wages paid labor, they would appear to be no more sacred than necessary support for a wife. It is now recognized that when the obligation of support for wife is based on an integrated property settlement agreement, that it is solely a civil contract and cannot be enforced by contempt proceedings which are quasi criminal in their nature. (Bradley v. Superior Court, 48 Cal.2d 509 [310 P.2d 634].) This was followed by the case of Plumer v. Superior Court, [fn. *](Cal.App.) 317 P.2d 995, and especially in regard to the obligation of a parent to support his children which is based upon the provisions of an integrated property settlement agreement where the court at page 997 said:
 "We think it clear, that the provisions for the support of the wife and child as set forth in the property settlement agreement in the instant matter as interpreted by the decision of the Supreme Court, do not fall within the category of law-imposed alimony but rather are contractual and therefore not enforceable by contempt."
 It therefore ruled that the contempt proceedings were void as forbidden by the constitutional provisions against imprisonment for debt. It is interesting to note that contempt proceedings are quasi criminal in their nature and that each of [159 Cal.App.2d Supp. 873] these decisions is based upon the provisions of California Constitution, article I, paragraph 15.
 It is a reasonable inference at least, that the foregoing two decisions are applicable in prosecutions for violations of the State Labor Code of the character now before us, as pointed out in the dissenting opinion of Mr. Justice Traynor in the Bradley case at page 525 in quoting at length from the Trombley case.
 In each of the foregoing cases where the Labor Code has been upheld and convictions have been sustained, there has been involved the wilful refusal in the nature of a fraud to pay the wages agreed upon, leaving the employee without his agreed compensation.
 [3] It will be seen at once that no such situation is here involved. The employee in question agreed to work for a certain wage and that wage was paid and received without complaint or protest. The sole question involved was that thereafter he sought compensation in addition to his agreed wages by claiming that he should have been employed under a contract with the union. There was involved in such matter nothing but a civil dispute.
 In order to determine a proper construction of the law as applied to this situation, it is useful to consider several other situations and the law as applied thereto. It is to be remembered that we do not have involved any statute requiring a payment of any particular wage, but a question of the enforcement of the contract rights. If a contractor agreed to do a piece of work for an agreed price and the work was done and the price paid, he would have no standing in court in an attempt to collect additional compensation on the grounds of mistake in figuring his price. If in a situation such as here involved, at the end of the employment the employer would have made demand upon the employee for a return of the portion of the wages paid upon the ground that he had intended to pay him the minimum union scale and had mistakenly paid him more, the court would unhesitatingly deny such relief upon the grounds of estoppel and upon the ground of accord and satisfaction. It is obvious that if by statute it was made a misdemeanor in such instance for the employee to fail to promptly repay such overpayment, such statute would promptly be held unconstitutional. It is not a sound situation where laws apply to one part of the population and not to the other. [159 Cal.App.2d Supp. 874]
 It follows that if section 216 of the Labor Code could be susceptible of supporting a prosecution under such facts as are here involved, it would be unconstitutional to the extent of such construction. Sound rules of construction, therefore, require that the section be construed as applicable only to the wilful withholding of the agreed wage (which in law amounts to a fraud), and that it is not applicable to a claim for additional compensation such as here involved.
 What has been said disposes of the other counts. Section 204 makes it a misdemeanor to fail to pay wages twice a month. No such situation was presented in this case and the third count should not have been submitted to the jury. Section 222 of the Labor Code makes it a misdemeanor to wilfully, and with intent to defraud, withhold any wage arrived at through collective bargaining. The constitutionality of section 222 seems not to have been passed upon. If this section is susceptible to a construction such that it authorizes a prosecution for misdemeanor under any circumstances other and different than that involved in section 216, then it is clearly void.
 Appellant, among other things, assigns as error the failure of the employee or the union, on his behalf, who were relying on the contract between Shopmen's Local 627 and the appellant, to invoke any of the arbitration procedures set forth in the contract before invoking the aid of the Labor Commissioner in his official capacity, the civil remedies provided by law, or the criminal provisions of the Labor Code. Since the judgment must be reversed for reasons heretofore stated, we deem it unnecessary to pass upon the additional assignments of error.
 The judgment of the municipal court therefore must be reversed, and the case is remanded with directions to dismiss the complaint.
NOTES
[fn. *] *. A hearing was granted by the Supreme Court on January 16, 1958. The final opinion of that court is reported in 50 Cal.2d __ [328 P.2d 193].