Opinion
REESE, J.
I. Introduction
Before the court is an appeal brought by defendant’s employer from a judgment of the Los Cerritos Municipal Court. The employer, Triad Data Services, Inc. (hereinafter designated as plaintiff), first appealed to the municipal court from an award of the Labor Commissioner. After a trial de novo in accordance with section 98.2, subdivision (a) of the Labor Code, the trial court awarded judgment in favor of defendant. From this judgment plaintiff timely appeals.
II. Statement of Facts and Procedural History
From the clerk’s transcript and settled statement filed herein in lieu of a reporter’s transcript, the following factual and procedural background is supplied.
1. Defendant was employed by plaintiff as a bookkeeper for the period of October 8, 1979, to May 8, 1981.
2. On February 17, 1981, defendant entered into a written employment agreement with plaintiff, providing among other things that defendant’s salary would be increased to $20,000 per year; that her status would be changed to a salaried employee; and that she would receive 30 days severance pay on being terminated.
3. Defendant remained employed by plaintiff from February 17, 1981, until May 8, 1981, at which time plaintiff terminated defendant’s employment.
4. Defendant, during the period from February 17, 1981, until May 8, 1981, had a salary of $20,000 per year and was classified as a salaried employee.
5. Defendant on May 11, 1981, filed a complaint with the Labor Commissioner, stating that she was entitled to a total of $2,656.50, broken down *Supp. 6 as follows: a. Severance pay of 30 days at $77 per day ($2,310); and b. Vacation pay of 4xh days at $77 per day.
6. Plaintiff responded to the Labor Commissioner by stating: a. Plaintiff owed no vacation pay to defendant; b. Defendant owed plaintiff $134.62 on overdrawn vacation time; and, c. Plaintiff denied owing defendant $2,310. Plaintiff believed that defendant was entitled to only the equivalent of one month’s salary of $1,666 ($20,000 divided by 12). Further, plaintiff believed that defendant was not entitled to both severance pay and vacation pay.
7. On August 12, 1981, the Labor Commissioner held that defendant recover $2,275 from the plaintiff for wages or compensation and $2,310 for waiting time, May 8, 1981—June 7, 1981, 30 days at $77 per day.
8. On November 30, 1981, the matter was heard de novo in front of the Honorable Steven C. Burtnett, Temporary Judge. The settled statement includes the following summarization of the proceedings before the trial court: “The Court considered all of the aforementioned arguments, exhibits, along with defendant’s trial brief, Exhibit F, and took testimony.”
9. On December 1, 1981, the trial court ruled against plaintiff that defendant was entitled to $1,631 principal, $1,000 attorney fees, and $4,998 punitive damages per section 203 of the Labor Code. The trial court conceded that punitive damages were miscalculated. The trial court had calculated that they should have been $4,893 ($20,000/365=$56.49/day times 30=$1,631/month minus $35 overpayment by plaintiff equals amount owed defendant times 3 equals $4,893.
10. On December 2, 1981, the trial court amended its judgment to read “punitive damages as per section 206(b) of the Labor Code.”
III. Contentions of Plaintiff
Plaintiff brings the instant appeal upon the following alleged errors by the trial court:
1. Whether the trial court erred in granting attorney fees and costs pursuant to Labor Code section 98.2, subdivision (b);
2. Whether the trial court erred in granting punitive damages pursuant to Labor Code section 206, subdivision (b); and
*Supp. 7 3. Whether defendant should have been entitled to both vacation pay and severance pay.
We will discuss these contentions in sequential order according to their legal and monetary significance.
IV. Discussion
A. Trial Court’s Award of Punitive Damages
1. Imposition of Penalties Under Section 206, subdivision (b), Labor Code.
Plaintiff’s paramount complaint of error is directed towards the trial court’s granting of punitive damages under Labor Code section 206, subdivision (b). That statute reads as follows: “(b) If, after an investigation and hearing, the Labor Commissioner has determined the validity of any employee’s claim for wages, the claim is due and payable within 10 days after receipt of notice by the employer that such wages are due. Any employer having the ability to pay who willfully fails to pay such wages within 10 days shall, in addition to any other applicable penalty, pay treble the amount of any damages accruing to the employee as a direct and foreseeable consequence of such failure to pay.”
Plaintiff contends that Labor Code section 206, subdivision (b), supra, is inapplicable to the factual situation involved in the case at bench, and that the above section applied only in the case where the employer has not filed for a trial de novo under Labor Code section 98.2, subdivision (a) within 10 days of the order of the Labor Commissioner. Plaintiff reasons that since plaintiff filed its notice of filing for a trial de novo within 10 days after receiving the notice of order, it is not subject to being assessed punitive damages under section 206, subdivision (b) of the Labor Code.
We agree.
Section 98.1 of the Labor Code specifies: “(a) Within 15 days after the hearing is concluded, the Labor Commissioner shall file in the office of the division a copy of the order, decision, or award. The order, decision, or award shall include a summary of the hearing and the reasons for the decision. Upon filing of the order, decision, or award, the Labor Commissioner shall serve a copy of the decision personally or by certified mail on the parties. The notice shall also advise the parties of their right to appeal the decision or award and further advise the parties that failure to do so within the period prescribed by this chapter shall result in the decision or *Supp. 8 award becoming final and enforceable as a judgment by the appropriate municipal or superior court, in accordance with the appropriate rules of jurisdiction.
“(b) For the purpose of this section, an award shall include any sums found owing, damages proved, and any penalties awarded pursuant to the provisions of this code.
“(c) All awards granted pursuant to a hearing under this chapter shall accrue interest on all due and unpaid sums at the same rate as judgments in civil actions, except that no interest shall accrue on those sums during the course of a court appeal. The interest will run from the date of notice of the award or decision.” (Italics added.)
To determine the time when an order, decision or award of the commissioner becomes final, we direct our attention to section 98.2 of the Labor Code, the pertinent provisions of which state: “(a) Within 10 days after service of notice of an order, decision or award the parties may seek review by filing an appeal to the justice, municipal, or superior court, in accordance with the appropriate rules of jurisdiction, where the same shall be heard de novo. A copy of the appeal request shall be served upon the Labor Commissioner by the appellant.
“(b) If the party seeking review by filing an appeal to the justice, municipal, or superior court is unsuccessful in such appeal, the court shall determine the costs and reasonable attorneys ’ fees incurred by the other parties to the appeal, and assess such amount as a cost upon the party filing the appeal.
“(c) If no notice of appeal is filed within 10 days of receipt of the notice of decision or award the decision or award shall, in the absence of fraud, be deemed the final order. ” (Italics added.)
In the matter at bench, plaintiff had the prerogative of either paying the amounts found to be owing by the commissioner, or to petition for a review of that decision in a court of record within 10 days after he received notice of same. Within his rights, he chose the avenue of appeal. Section 206, subdivision(b) of the Labor Code thus was never activated. We find that the trial court erred in imposing triple damages under that statute.
2. Imposition of Penalties Under Section 203, Labor Code
Plaintiff further postulates that the defendant is not entitled to penalty sums for “waiting” time under section 203 of the Labor Code as de *Supp. 9 fendant was terminated on May 8, 1981, and “commenced an action” on May 11, 1981, by filing a claim with the Labor Commissioner.
a. Purpose and validity of section 203, Labor Code.
Labor Code section 203 provides for the assessment against an employer for failure to pay wages as required by law. It provides: “If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, and 202, any wages of an employee who is discharged or who quits, the wages of such employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but such wages shall not continue for more than 30 days. No employee who secretes or absents himself to avoid payment to him, or who refuses to receive the payment when fully tendered to him, including any penalty then accrued under this section, shall be entitled to any benefit under this section for the time during which he so avoids payment.
“Suit may be filed for such penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.”
A penalty wage law has been in effect in California since the original codification in 1878, the present section 203 having been enacted in 1919. The court first addressed the issue of the statute’s validity (constitutionality) in Moore v. Indian Spring, etc. Min. Co. (1918) 37 Cal.App. 370 [174 P. 374], wherein the court, upholding the predecessor statute of section 203, ruled that: “The law imposes no unreasonable burden upon the employer, for, operating as it does in the future and disturbing no vested right, he must, and it is but fair that he should, make provision to pay his employee before hiring him, failing in which he should pay the penalty. . . . The intention of the penalty imposed by the act in question is to make it to the interest of the employer to keep faith with his employees and thus avoid injury to them and possible injury to the public at large.” (Id., at p. 380.)
This court in 1957 in Oppenheimer v. Sunkist Growers (1957) 153 Cal.App.2d Supp. 897, 898-899 [315 P.2d 116] stated simply that “[t]he purpose of the above sections [referring to sections 201-203] of the Labor Code is to compel the prompt payment of earned wages.”
The California Supreme Court has also addressed the issue of the general purpose and validity of the California labor laws and has recognized the public policy in favor of prompt payment of wages. (In re Trombley (1948) 31 Cal.2d 801, 809 [193 P.2d 734]; Kerr’s Catering Service v. *Supp. 10 Department of Industrial Relations (1962) 57 Cal.2d 319, 326 [19 Cal.Rptr. 492, 369 P.2d 20].)
In Barnhill v. Robert Saunders & Co. (1981) 125 Cal.App.3d 1, 7 [177 Cal.Rptr. 803], it was stated: “ ‘[T]he statute should have reasonable construction. Its design is to protect the employee and to promote the welfare of the community . . . .’ ”
b. Meaning and scope of term “wages”
Vacation pay and severance pay constitute wages. “1 [Pjursuant to the present day concept of employer-employee relations, the term “wages” should be deemed to include not only the periodic monetary earnings of the employee but also the other benefits to which he is entitled as part of his compensation.’ ” (Ware v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (1972) 24 Cal.App.3d 35, 44 [100 Cal.Rptr. 791]; Suastez v. Plastic Dress-Up Co. (1982) 31 Cal.3d 774, 780 [183 Cal.Rptr. 846, 647 P.2d 122].)
c. Definition of Term “Wilful” in Statute
“Wilful” is a term of art carrying with it certain requisites as to the amount and type of proof which will suffice to find a violation of the particular statute in reference. However, the term has different connotations and implications depending upon the nature, purpose and intent of the statute, i. e., criminal versus civil and the type of activity proscribed.
The leading case on the term “wilful” as contained in section 203 of the California Labor Code is Davis v. Morris (1940) 37 Cal.App.2d 269 [99 P.2d 345], wherein the court ruled on page 274: “The term ‘wilful’, as it is used in section 203 of the Labor Code, does not mean that the refusal to pay wages must necessarily be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due, in order to subject him to the penalty. In the case of May v. New York Motion Picture Corp., 45 Cal.App. 396, 404 [187 Pac. 785], it was held that the term ‘wilful’ in its ordinary use, merely means that one intentionally fails or refuses to perform an act which is required to be done.”
d. Construction and interpretation of the clause “until an action therefor is commenced”
Section 203 of the Labor Code provides in relevant part: “If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5 and 202, any wages of an employee who is discharged or who quits, the wages of such employee shall continue as a penalty from *Supp. 11 the due date thereof at the same rate until paid or until an action therefor is commenced; but such wages shall not continue for more than 30 days.” (Italics added.) Under section 201 of the Labor Code, the wages of a discharged employee unpaid at the time of discharge are due and payable immediately. In our case, defendant was discharged.
We find in the case before us that the trial court determined that plaintiff wilfully failed to pay to defendant the wages (severance pay in the sum of ($1,631) due defendant at the time she was discharged on May 8, 1981. Plaintiff has raised the issue that the defendant’s rights to additional “waiting time penalties” were terminated on May 11, 1981, when defendant “commenced an action” to collect the wages by filing a claim with the Labor Commissioner.
We hold that the filing of such a claim or complaint with the Labor Commissioner does not terminate defendant’s waiting time penalty rights under section 203, Labor Code for the following reasons:
(1) In determining the solution to this issue, we begin with the fundamental rule that a court “should ascertain the intent of the Legislature so as to effectuate the purpose of the law.” (Select Base Materials v. Board of Equal. (1959) 51 Cal.2d 640, 645 [335 P.2d 672], “Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole.” (Moyer v. Workmen’s Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)
As noted above, the purpose of section 203 is to compel the prompt payment of wages. (Oppenheimer v. Sunkist Growers (1957), supra, 153 Cal.App.2d Supp. 897, 898-899.) Read in conjunction with Labor Code section 98 et seq., section 203 is included in a statutory scheme designed to encourage prompt, informal and efficient administrative resolutions of wage disputes. The object of the statutory plan is to encourage employers to pay amounts concededly owed by him to his discharged or terminated employee without undue delay and to hasten settlement of disputed amounts. None of the related statutory provisions penalize either the employer or employee for prompt action designated to settle the dispute. To interpret the phrase, “commence an action therefor,” contained in section 203 of the Labor Code, as terminating “waiting time” rights upon the filing of a claim with the Labor Commissioner would discourage the employee from filing a claim with the Labor Commissioner as the employee would thereby lose leverage in his favor to encourage the employer to pay out amounts actually due the employee, while at the same time encouraging the employer not to pay up or settle, as he would suffer no penalty by this *Supp. 12 delay. Such an interpretation is untenable and directly antagonistic to the legislative intent.
(2) Of primary relevance to the proper interpretation of the clause “action is commenced” are the provisions of the California Code of Civil Procedure which set forth general definitions. California Code of Civil Procedure, section 22 defines “actions”: “An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong or the punishment of a public offense.” (Italics added.)
In our instant case, defendant did not file a complaint with the clerk of a court of justice; she filed a complaint with an administrative officer who had the authority and legal capacity to provide for a hearing as provided in section 98 et seq., of the Labor Code.
Perhaps the oldest statement of the meaning of the clause “commence an action” is set forth in Cohens v. Virginia (1821) 19 U.S. (6 Wheat.) 264, 408 5 L.Ed. 257, 292, wherein the court states that “to commence a suit is to demand something by the institution of process in a court of justice.” This position has been adopted in California as is evidenced by section 350 of the Code of Civil Procedure. That section, one of the provisions under part 2, title 2 thereof dealing with time limitations for commencement of civil actions (statute of limitations), reads as follows: “An action is commenced, within the meaning of this title, when the complaint is filed.”
In People v. Honey Lake Valley Irr. Dist. (1926) 77 Cal.App.367 [246 P. 819], the court held that presentation to the state Attorney General of a petition for the dissolution of the district did not constitute the commencement of an action within the meaning of Code of Civil Procedure section 350. At page 373 thereof the court states: “Appellants contend that they ‘moved with due diligence to cause the action to be instituted by the attorney-general, their petitions to that officer having been served upon defendant and presented to the Attorney-General in the latter part of the year 1920. Presentation of such petitions to the Attorney-General, however, did not constitute the commencement of an action on the warrants. ‘An action is an ordinary proceeding in a court of justice.’ (Code Civ. Proc., sec. 22.) Section 350 of the Code of Civil Procedure, included in title 2 of part 2 thereof, relating to the time within which civil actions must be commenced, provides: ‘An action is commenced, within the meaning of this title, when the complaint is filed.” (Italics added.)
Similarly, we find that presentation of defendant’s wage claim to the Labor Commissioner did not constitute the commencement of an action. It is *Supp. 13 noted that section 203 of the Labor Code uses interchangeably the words “action” and “suit.” The second paragraph thereof significantly indicates that “[s]uit may be filed for such penalties at any time before the expiration of the statute of limitations . . . .” The only reasonable interpretation of the legislative intent encompassed in the foregoing provision that “suit may be filed” is that it refers to an action being commenced in a court of justice, not before a commission or board. Nor can we construe the proceedings before the Labor Commissioner to be an “action” in the form of “a special proceeding of a civil nature” as defined in section 363 of the Code of Civil Procedure. The Court of Appeal has held that the words “special proceeding of a civil nature” contained in Code of Civil Procedure section 363 “relates only to actions or special proceedings in courts, and not hearings before boards.” (Bold v. Board of Medical Examiners (1933) 133 Cal.App. 23, 25 [23 P.2d 826].)
(3) We adhere to the established principle and general rule of statutory construction that an interpretation of a statute by the administrative agency charged with its enforcement is entitled to great weight and that such an interpretation will be upheld unless clearly unreasonable. The Division of Labor Standards Enforcement, Department of Industrial Relations of the State of California is charged with the enforcement of section 203 of the Labor Code. Counsel for the division, in an amicus curiae brief filed herein; states the position of the Labor Commissioner to be that “penalty wages” as provided under the Labor Code are cut off only when such action is filed with a competent court as opposed to an administrative agency.
By virtue of the foregoing, we conclude that the trial court erred by not awarding “waiting time” penalties to defendant. Our examination of the record reveals that such penalties should be computed in the sum of $1,666.
B. Award of Attorney Fees and Costs
Plaintiff contends that the trial court erred in awarding attorney fees and costs to defendant pursuant to section 98.2, subdivision (b), supra. That subdivision reads: “If the party seeking review by filing an appeal to the justice, municipal, or superior court is unsuccessful in such appeal, the court shall determine the costs and reasonable attorneys’ fees incurred by the other parties to the appeal, and assess such amount as a cost upon the party filing the appeal. ”
1. Preliminarily, we note that the statute places the risk of liability for attorney fees and costs incurred “by the other parties to the appeal” upon the “party seeking review” and “upon the party filing the appeal.” *Supp. 14 “When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.” (Johnstone v. Richardson (1951) 103 Cal.App.2d 41, 46 [229 P.2d 29].) As aforestated, the statutory scheme underlying the present statutes places great emphasis upon prompt payment of wages' due employees upon discharge or termination. The firmness of the policy of intolerance of delay by employers in withholding just wages due a discharged or terminated employee, is exemplified by section 216 of the Labor Code which proscribes wilful refusal to pay wages by designating the same a misdemeanor. (People v. Bishopp (1976) 56 Cal.App.3d Supp. 8, 12-13 [128 Cal.Rptr. 923]; Lab. Code, § 216.) With these premises in mind, we carefully examine the record to determine if plaintiff was “unsuccessful” in his appeal since he was the party who filed the appeal, and thus liable for reasonable fees and costs, if “unsuccessful”. By filing the appeal, he further delayed the wages due the defendant and assumed the risk inherent in that action.
Plaintiff seeks to establish his success in the trial de novo by comparing the judgment issued by the trial court with the award or decision of the commissioner. He argues that the commissioner’s award of $2,275 as salary or wages due was error, and that the trial court agreed with his position since it gave judgment for only $1,631 and disallowed waiting time penalties awarded by the commissioner entirely. Plaintiff’s argument is without merit. Since the trial court “may hear testimony, including any new evidence, the findings of the Labor Commissioner are entitled to no weight whatsoever .... Review is accorded not to the decision of the commissioner, but to the underlying facts on which depend the merits of the dispute.” (Sales Dimensions v. Superior Court (1979) 90 Cal.App.3d 757, 763 [153 Cal.Rptr. 690].) (Italics added.) We are concerned here with the findings and judgment of the trial judge, not the commissioner. The trial judge conducted the trial which we are reviewing, a trial which was “in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held. . . . The decision therein is binding upon the parties thereto and takes the place of and completely nullifies the former determination of the matter.” (Collier & Wallis, Ltd. v. Astor (1937) 9 Cal.2d 202, 205 [70 P.2d 171].).
2. The question for resolution now becomes whether hearings pursuant to Labor Code section 98 et seq. may be considered “judicial.” If we deem such proceedings “judicial,” a constitutional dilemma results. Section 98.2 of the Labor Code, supra, reads in part: “[w]ithin 10 days . . . the parties may seek review by filing an appeal to the justice, municipal, or superior court. . . where the same shall be heard de novo. ” (Italics added.) We find the review of appeal rights procedures available after a determination of a wage dispute by the Labor Commissioner provides for a “de novo” trial to *Supp. 15 avoid violation of the constitutional provision defining the appellate jurisdiction of the courts of the state. We hold that the Labor Commissioner is “a purely administrative officer with state-wide authority and possesses no judicial powers, ...” (Colliers & Wallis, Ltd. v. Astor, supra, 9 Cal.2d 202, 204.) We further hold that an “appeal” from his order, award or decision, as provided for in section 98.2 of the Labor Code does not involve a true appellate process, but rather a request for the reviewing court to hear the matter, “not as an appellate court, but as a court of original jurisdiction, with full power to hear and determine it as if it had never been before the labor commissioner.” (Id., at p. 205; see also: Buchwald v. Katz (1972) 8 Cal.3d 493, 502 [105 Cal.Rptr. 368, 503 P.2d 1376].) We conclude that the trial below was held “de novo” and the trial judge was not required to compare his order with the findings of the Labor Commissioner.
3. We reason that the statutory language contained in section 98.2, subdivision (b) of “unsuccessful in such appeal”, should be given the inverse meaning to that of “prevailing party” which is well settled in this state. The prevailing party is the party in whose favor final judgment is rendered. (Huckell v. Matranga (1979) 99 Cal.App.3d 471, 482 [160 Cal.Rptr. 177].) “The general rule is that net recovery is the basis upon which attorneys’ fees are computed. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 122.)” (Hughes Tool Co. v. Max Hinrichs Seed Co. (1980) 112 Cal.App.3d 194, 204 [169 Cal.Rptr. 160].) We find that the defendant “prevailed,” or, conversely, the plaintiff was “unsuccessful” below. The trial judge properly granted attorney’s fees and costs to defendant pursuant to Labor Code section 98.2. We further find the amounts of the same were reasonable and not an abuse of discretion.
C. Defendant’s Entitlement to Vacation Pay and Severance Pay
Our discussion above eliminates lengthy treatment of plaintiff’s contention that the defendant was not entitled to both vacation and severance pay. The record is abundantly clear that plaintiff’s vacation policy for its employees and its written contract with defendant granted her rights to both vacation and severance pay.
The judgment is modified by striking from it the award of treble (punitive) damages in the sum of $4,998 under section 206, subdivision (b) of the Labor Code, and substituting therefor the sum of $1666 as and for wages penalties for “waiting time” under section 203 of the Labor Code. As modified, the judgment is affirmed. Both parties to bear own costs on appeal.
Cooperman, J., concurred.