[Civ. No. 10294. Second Appellate District, Division Two.—May 31, 1935.]

GEORGE F. NICHOLSON, Appellant, v. E. J. AMAR et al., Respondents.

Jerrell Babb for Appellant.

Ray L. Chesebro, City Attorney, F. von Schrader, Assistant City Attorney, and John Beardsley, Deputy City Attorney, for Respondents.

STEPHENS, P. J.—This is an appeal upon a proceeding in *mandamus* tried in the superior court. Petitioner appeals after an adverse decision.

■ Petitioner was for several years an employed official in the harbor department of the city of Los Angeles. During his service he took no vacation for several years, notwithstanding he was entitled thereto under the following provision of the city charter: "Sec. 426. Every person who shall have been in the service of the city, continuously, for one year, shall be allowed a vacation of two weeks on full pay, annually." Upon his leaving the service, and after having been paid his salary in full, he claimed additional payment for the untaken vacation periods under a harbor board resolution which seems to provide that an employee may accumulate allowable vacations over an unlimited period of years and upon leaving the service get additional pay therefor. His service without vacations was voluntary and not under any city official or other request.

The official was employed under a fixed salary, and there is no charter or other legal provision for a double payment for any part of his services, and the resolution of the board was of no effect in such circumstances. Petitioner accepted his position under the provision that he should be *allowed* two weeks annual vacation with pay. ■ "Vacation", in this sense, means on the one hand a beneficent surcease from regular duty for two weeks each year, that a period of freedom, rest or diversion for the employee may be enjoyed, and upon the other a gain to the employer through a recuperated and better satisfied employee. Accumulation of vacation would entirely negative such purposes. Had the charter intended to award a faithful employee by providing a bonus for continued uninterrupted service it would have so provided. Such provision would effect exactly the opposite result to the charter's purpose, as we see it. The untaken vacations were waived, and no obligation fell upon the city.

The judgment is affirmed.

Crail, J., and Fricke, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 29, 1935.