## HOUSING AUTHORITY OF CITY OF EL PASO v. HARPER.

### No. 4821.

Court of Civil Appeals of Texas.
El Paso.

May 9, 1951.

Rehearing Denied June 6, 1951.

Leo Jaffe, El Paso, for appellant.

Fryer & Milstead, El Paso, for appellee.

SUTTON, Justice.

This is an appeal from a judgment of the 34th District Court of El Paso County.

C. W. Harper sued the Housing Authority of the City of El Paso, Texas, a corporation, to recover $1,040 claimed to be due him for 42 days of vacation time due him under his contract of employment with the Authority which he did not take during the years 1948, 1949 and 1950, but instead continued in his work. A trial before the Court without a jury resulted in a judgment in favor of Mr. Harper for the amount sued for, from which this appeal is prosecuted.

Mr. Harper began his work with the Authority between February 20 and March 1, 1940, and continued until March 31, 1950. He was "Executive Director and Secretary", in which capacity he had the general supervision of all the activities of the Authority in the City of El Paso.

In June 1946, the Authority adopted a set of rules and regulations applicable to the employees of the Authority which is described as the "Personnel Policy". This policy provided for vacation leave with pay and is the basis of plaintiff's suit. The applicable provision reads: "Vacation. In addition to the above enumerated Holidays, each (meaning each employe) with at least one year's service, shall be entitled to 14 days per year vacation leave with pay, said vacation period to be computed on the basis of 14 working days."

Mr. Harper did not take a vacation in 1946. On May 13, 1947, he applied for thirty days leave of absence for rest and recuperation. The Board of Directors granted the request and allowed him thirty days to six weeks, as he might require for recuperation. Mr. Harper went on his leave on June 5, and returned to his work on Monday, July 6, 1947. He took no further vacation leave.

The facts in the case are undisputed and the differences arise on the application of the law to the facts and the inferences to be drawn from the facts. The Authority, aside from one point predicated on limitation pleaded against the last period of vacation, directs all its points to the proposition, under the evidence the plaintiff is not entitled, as a matter of law, to recover more than $370. The Authority on the termination of Mr. Harper's services tendered him the sum of $370 as vacation pay for the last year of service. The plaintiff seeks to sustain the judgment of the trial court on the grounds, as we understand him, the trial court found his agreement with the Authority, as did all agreements between it and its employees, upon the ter-

mination of employment agreed to pay him his then earned vacation, and that the practice and custom followed for many years by the Authority was to pay such earned vacation leave at the time of the discontinuance of employment and that the agreement between the parties permitted the accumulation of vacation leave, and there was no contractual limitation on the period of time for which it should accumulate.

The essential facts are, eliminating a very few isolated expressions of opinion by witnesses, Mr. Harper requested no vacations during the time involved and was denied none. Mr. Harper testified during each of the years involved he rendered the services he was employed to perform. During 1948, he said there was some little raise made in the back of the apartment building in addition to the maintenance building which he looked after and that he made the budget up which was typed by another employee. In the summer and fall of 1949, he worked up an application for an additional loan for additional housing occasioned by some change in the law, and that during 1949, and down to March 31, 1950, he didn't take a vacation because he had too much work to do and to have taken the vacation would have caused him to neglect his work. There is no claim that there was any specific or special request to perform any additional work, nor that there was any objection to doing what Mr. Harper did do on his part, nor that there was any arrangement made concerning the work. The work he did came to him in the course of his employment and he did it.

All other employees took their vacation each year after the adoption of the personnel policy and on termination of service an employee was paid for an earned vacation on the basis of the per centum the time worked bore to the year, that is to say, if an employee worked one-fourth of a year since his last vacation he was paid for one-fourth of 14 days, or if one-half of a year for 7 days time, etc. Mr. Harper alone failed to take his vacation and he alone claimed accumulated vacation pay in excess of 14 days. These facts and the

quoted provision of the personnel policy are the only facts in the record upon which the findings of the trial court rest.

Counsel on the oral argument said there is no Texas case directly in point on the facts here, and we have been unable to find any. However, we think elementary considerations and principles are sufficient to determine the issue presented for decision. The vacation provided for in the personnel policy is not mandatory but is optional with the employee. Mr. Harper had the right to demand his vacation but he was under no necessity to take it. Vacation with pay is not for the benefit of the employee alone. The employer has an interest in it. It does more than promote good relations between employee and employer. A period of rest and relaxation is conducive to increased efficiency from which both parties benefit.

Correct rules and principles of law applicable to the facts of this case have been formulated and stated from the authorities involving analogous situations, though not directly in point, in 56 C.J.S., Master and Servant, § 97-b, p. 527 wherein it is said, generally, and in the absence of a special agreement, or of evidence showing an intent to pay it, or of a uniform and notorious custom sufficient to warrant the presumption that the contract was made with reference thereto, an employee cannot recover extra compensation for work done during the vacation period for which he had received regular pay. This is on the theory the employee either volunteers the service or that the regular pay compensates him for that service. To the same effect is 35 Am.Jur. Sec. 66, pp. 498–499. Mr. Harper might easily and well have avoided any controversy by calling the Authority's attention to his intention to contend as he does when he was accumulating his vacation. This he did not do. If Mr. Harper or any other employee had the right to accumulate vacation and demand full compensation for it at the termination of service, and if his contention that limitation does not commence to run until the service is terminated and his demand for pay refused be correct, it might be accumulated

over a long period of time and a large sum of money claimed for the payment of which no provision had been made.

It is our conclusion the provision of the personnel policy and the facts of the case are not subject to the interpretation and inference drawn by the trial court and that his conclusion of law and judgment are erroneous, and in accordance with appellant's prayer the judgment of the trial court will be reversed and judgment here rendered that plaintiff have judgment for the sum of $370 in full satisfaction of his vacation pay and the costs be taxed against the appellee. It is unnecessary to pass on the question of limitation.