WIGGINTON, Judge.
Appellant, a retired employee of appel-lee-City of Jacksonville, appeals a summary final judgment rendered against her. The primary question presented for decision is whether an employee of Duval County prior to consolidation of that government with the government of the City of Jacksonville was entitled, under a special act of the Legislature creating a civil service system for the employees of Duval County and the rules adopted in conformity therewith, to accumulate annual leave over a long period of time and be paid for the amount so accumulated at the time of retirement.
*176 Prior to October 1, 1968, appellant was an employee of Duval County. The Florida Legislature in 1967 adopted a special charter act effective October 1, 1968, which consolidated the governments of the City of Jacksonville and Duval County into one form of government to be known as the City of Jacksonville. Appellant continued as an employee of the newly created City of Jacksonville and elected, pursuant to the specific provision of the charter, to remain a member of the retirement plan that had theretofore been established for the employees of Duval County.
At the time of her retirement on June 1, 1971, appellant claims to have accumulated 185 days of unused annual vacation time which accrued during the years she was an employee of the former government of Du-val County. Upon her retirement appellant demanded payment for that accrued vacation time, which demand was rejected by appellee City of Jacksonville. It was because of such rejection that this action was commenced. By her complaint appellant seeks a judgment for the money equivalent of 185 days accumulated annual vacation time and to have such sum included in the calculation of her average salary for the last three years prior to her retirement as the basis for determining retirement benefits.
The special act adopted by the State Legislature in 1943, and amended in 1953, created a civil service system for the employees of Duval County and provided that such employees should be entitled to an annual vacation with full pay to be taken at such time as the employee and his appointing authority should agree upon.[1]
The implementing rule adopted by the civil service board of Duval County provided that all regular employees who have been in continuous employment of the county for a period of ten years shall receive three weeks vacation annually for each year of continuous service thereafter.[2]
After consolidation of the governments of Duval County and the City of Jacksonville, appellant continued as an employee of the City until her retirement on June 1, 1971. The charter of the City provides that all employees of former governments who continue as employees of the City shall be entitled to at least the same salary and the same rights which they had under the civil service provisions of former governments.[3] The charter also provides that retirement and pension plans of former governments existing prior to the effective date of the charter shall continue as retirement and pension systems of the consolidated government, and all benefits and rights under such plans shall continue unimpaired for the same duration provided in such plans and shall constitute an obligation and liability of the consolidated government.[4]
From the foregoing it appears quite clear that all benefits enjoyed by appellant as a civil service employee of Duval County prior to consolidation were preserved to her as an employee of the City of Jacksonville after consolidation. There is no dispute but that during her employment with the government of Duval County appellant *177 was entitled to 185 days of annual vacation time which' she did not take or use prior to the time the government of Duval County became consolidated with the government of the City of Jacksonville. There is also no dispute but that the civil service act of Duval County which created the pension plan for retired employees provided for sick leave and annual vacation time for county employees with full pay, provided that annual vacations he taken at such times as the employee and his appointing authority should agree upon. The parties do not question but that the civil service rule, which implemented the statute concerning the vacation time allowed employees, provided that such employees are entitled to receive annual vacations of three weeks for each year of continuous service after the tenth year of employment. Neither the civil service act nor the rules adopted by the civil service board specifically authorize or permit the accumulation of vacation time by employees to carry over from one year to another. The question before us, therefore, resolves itself into whether a proper construction of the civil service statute of Duval County and rules adopted pursuant thereto, when construed in light of precedent established by decisions of other courts, permits the accumulation of annual vacation time by an employee from year to year for which payment must be made at the time of death or retirement.
The foregoing question is treated by McQuillin in his work on Municipal Corporations and resolved in the negative as follows:
“The time allowed for vacations may not be cumulated unless the law expressly so provides, and it has been said that the payment of salaries in advance for vacations to employees who do not take vacations shows laxity in the handling of the public funds.”[5]
In State ex rel. Bonsall v. Case [6] the Supreme Court of Washington held that a state employee entitled by law to an annual vacation, who did not take or use his vacation time during the year in which it accrued, could not be paid the money equivalent of his unused vacation time after his employment with the state terminated.
In Nicholson v. Amar [7] the petitioner, an employee of the City of Los Angeles, took no vacation for a period of several years even though he was entitled to an annual vacation of two weeks on full pay. After leaving.the service of the city and ceasing to be its employee, petitioner claimed additional payment for vacation time that he had not taken or used during the several years prior to the termination of his services. In that case there was in effect a resolution adopted by the harbor board which specifically permitted employees to accumulate allowable vacation time over an unlimited period of years and provided for. additional payment therefor at the time the employee left the employment of the city. The court held that neither the charter nor any other law authorized the harbor board to adopt the resolution providing for accumulation of vacation time by employees and, therefore, the resolution was void and of no effect. In holding that, in the absence of specific statutory authority, vacation time allowed governmental employees could not be accumulated from year to year, the court said:
“. . . Petitioner accepted his position under the provision that he should be allowed two week’s annual vacation with pay. ‘Vacation,’ in this sense, means on the one hand a beneficent surcease from regular duty for two weeks each year, that a period of freedom, rest *178 or diversion for the employee may be enjoyed, and upon the other a gain to the employer through a recuperated and better satisfied employee. Accumulation of vacation would entirely negative such purposes. Had the charter intended to award a faithful employee by providing a bonus for continued uninterrupted service it would have so provided. Such provision would effect exactly the opposite result to the charter’s purpose, as we see it. The untaken vacations were waived, and no obligation fell upon the city.”
In Housing Authority of City of El Paso v. Harper [8] the plaintiff was employed by defendant city and during the last three years of his employment became entitled to 42 days of vacation time which he did not take or use. The rules and regulations under which he was employed provided that employees with at least one year of service should be entitled to 14 days per year vacation leave with pay. After termination of his services as an employee of the city, plaintiff demanded the equivalent in pay for the 42 days of vacation time he did not take but which had accrued during the last three years of his employment. In ruling against the contention of the former employee, the Court of Civil Appeals of Texas said:
“ . . . The vacation provided for in the personnel policy is not mandatory but is optional with the employee. Mr. Harper had the right to demand his vacation but he was under no necessity to take it. Vacation with pay is not for the benefit of the employee alone. The employer has an interest in it. It does more than promote good relations between employee and employer. A period of rest and relaxation is conducive to increased efficiency from which both parties benefit.
“ . . .If Mr. Harper or any other employee had the right to accumulate vacation and demand full compensation for it at the termination of service, and if his contention that limitation does not commence to run until the service is terminated and his demand for pay refused be correct, it might be accumulated over a long period of time and a large sum of money claimed for the payment of which no provision had been made.”
From the foregoing authorities it appears without dispute that an employee entitled to annual vacation time may either accept or waive the benefits so conferred upon him by the terms of his employment. Vacation time earned but not taken or used during the annual period in which it accrues may not be accumulated from year to year in the absence of specific statutory authority. The foregoing is subject to the qualification that if an employee entitled to vacation time during a given year should die or terminate his employment during or at the end of the year without having taken or used any of the vacation time accruing prior to the termination of his services, he would be entitled to be compensated for such unused vacation time but not for any which may have accrued during a previous year or years.
As noted above the civil service act, which was in effect at the time appellant first became employed by Duval County, provided that all employees coming under the provisions of the act should be entitled to an annual vacation with full pay and that employees with ten years or more of service should be entitled to three weeks vacation which should be taken at such time as the employee and his appointing authority should agree upon. The civil service act made no provision for accumulating unused annual leave from year to year. The civil service board of Duval County adopted Rule 24, in Section 1 of which it is provided:
“All employees in the classified service are entitled to an annual leave of one *179 day per month. After the expiration of an employee’s six month probationary period, accumulated leave can be taken at such time as the employee and his or her appointing authority shall agree upon.”
It was during her employment as a county employee prior to consolidation on October 1, 1968, of Duval County with the City of Jacksonville that appellant’s unused vacation time of 185 days accrued.
Appellant construes the above-quoted section of Rule 24 adopted by the civil service board to authorize the accumulation by her of the 185 days of annual vacation time for which she now makes claim. The trial court construed this rule, however, to mean that the one day per month annual leave earned by each employee as specified therein could be accumulated during the annual period of employment and used during the year in which the leave accrued and accumulated at such time as the employee and his or her appointing authority should agree upon. It is our view that the trial court’s construction of the rule was correct and consistent with the principle of law announced by other courts throughout the country. Even if the rule could be given the legal effect contended for by appellant and construed to mean that annual leave earned by an employee could be accumulated month by month from year to year over a long period of time, such construction would render the rule invalid and of no effect. This is so for the reason that the civil service act which created the board charged with the duty of administering its provisions contains no authority for the accumulation of annual leave by an employee, and no such authority was granted to the civil service board by the act creating it. It is an accepted principle that public officials are without power to adopt rules providing for the payment of public funds in the absence of legal authority to do so.
Appellant relies for support of her position on the decision rendered by this court in Green v. Galvin.[9] There the adminis-tratrix of a deceased employee brought an action to recover a judgment for the value of accrued annual leave earned by her decedent immediately prior to his death as an employee of the Florida Industrial Commission. During the time of the decedent’s employment from 1942 to 1957 he had accumulated under applicable rules of the Commission unused annual vacation time which, when reduced to cash, had a value of $1,655.44. The demand by decedent’s administratrix of the money equivalent of his accrued annual vacation time over the 15 years of his service was rejected by the State Comptroller. The trial court ruled in favor of the administratrix, from which judgment the Comptroller appealed. In sustaining the judgment appealed we pointed out that under the applicable regulations lawfully promulgated by the Industrial Commission, annual vacation time permitted each employee at the rate of 12 hours for each calendar month of service was allowed to accumulate provided that the maximum accumulation could not exceed 480 hours. The rule further provided that an employee who had resigned or who had been laid off or dismissed should be entitled to and should receive all accrued annual vacation time computed on the same basis as employees remaining in the service. It is clear that our decision in Green was controlled by the fact that the applicable law and regulations under which the decedent was employed specifically provided for the accumulation of annual leave over a period of years so long as the total amount did not exceed 480 hours. In the case sub judice there is no such lawful statute or rule which would justify application of the principles set forth in Green to the case here considered.
Because of the foregoing it is our view and we so hold that the final summary judgment appealed herein was properly *180 rendered and is therefore affirmed. Our decision on this point raised in the brief renders moot the remaining point which we therefore will decline to consider.
Affirmed.
JOHNSON, J., concurs.
SPECTOR, C. J., dissents.

. “All employees [of Duval County] coming under the provisions of this Act shall be entitled to an annual vacation with full pay as follows: employees with less than ten years service, two weeks vacation; employees with ten years or more service, three weeks vacation. Said vacation shall be taken at such time as the employee and his appointing authority shall agree upon.” Ch. 22263, Laws of Florida, Special Acts of 1943, § 8, as amended by Ch. 29033, Laws of Florida, Special Acts of 1953.

. “Section 2. Each regular employee of the County who shall have been in the continuous employment of the County for a period of ten years, shall be entitled to and shall receive three weeks’ vacation annually for each year of continuous service thereafter.” Rule 24, Civil Service Board of Duval County.

. Ch. 67-1320, Laws of Florida, Special Acts of 1967, § 22.08.

. Supra note 3 at § 18.02.

. 3 McQuillin, Municipal Corporations 566, 567, § 12.135 (3rd Edition Revised).

. State ex rel. Bonsall v. Case (1933) 172 Wash. 243, 19 P.2d 927.

. Nicholson v. Amar (1935) 7 Cal.App.2d 290, 45 P.2d 697.

. Housing Authority of City of El Paso v. Harper (Tex.Civ.App.1951) 241 S.W.2d 347, 348, 349.

. Green v. Galvin (Fla.App.1959) 114 So.2d 187.