Opinion
BRISENO, P. J.
Does an employee who voluntarily refrains from taking vacations, knowing that his employer’s policy allows neither carryover of unused vacation time nor payment in lieu thereof [i.e., a “use it or lose it” policy], waive his right under Labor Code section 227.3 to be paid for accrued but unused vacation? We find that he does not.
Facts
Appellant Thomas L. Henry worked for Amrol, Inc., from 1969 until 1986 and knew that Amrol, Inc., had a “use it or lose it” vacation policy (all vacation time must be taken during the year of eligibility; no payment would be made in lieu of vacation and no vacation time could be carried over from one year to the next). Henry earned two weeks of vacation per year. From 1980 through 1985, he did not take his vacations because his children were very young and he had no place to go. During 1986, he did not take his vacation because of a heavy workload.
After the labor commissioner ordered that Henry be paid $10,368 for his unused vacation time, covering the entire six-year period (plus a penalty of *1664 $5,184 under Labor Code section 203 plus interest under Labor Code section 98.1, subdivision (c)), Amrol, Inc., sought de novo review in the municipal court pursuant to Labor Code section 98.2, subdivision (a).
The municipal court reduced the amount awarded for unused vacation time to $1,872. It held that Henry had voluntarily waived his right to payment for all vacation time not taken during its particular year of eligibility except for that accruing during 1986 when he was precluded from taking it by Amrol, Inc. The municipal court awarded Henry $5,184 as a penalty under Labor Code section 203 plus $437.89 in interest under Labor Code section 98.1 and made no award of attorney fees to either party.
Henry filed a timely appeal from that judgment.
Issues Raised
1. Was appellant entitled to payment for all unused vacation time upon termination of his employment?
2. Did appellant waive the provisions of Labor Code section 227.3 solely by failing to take his vacation time during its particular year of eligibility?
3. Is appellant entitled to recover his attorney fees under Labor Code section 98.2, subdivision (b)?
Discussion

Appellant was entitled to payment for all unused vacation time upon termination of his employment.

California law prohibits a “use it or lose it” vacation policy. Labor Code section 227.3 provides, in pertinent part, that: “Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.”
Suastez v. Plastic Dress-Up Co. (1982) 31 Cal.3d 774, 784 [183 Cal.Rptr. 846, 647 P.2d 122], equated a right to a paid vacation with deferred wages for services rendered and held that a proportionate share vests as the labor *1665 is rendered. Once vested, Labor Code section 227.3 protects it from forfeiture. Section 227.3 requires that, upon termination, an employee be paid in wages for all vested vacation time. Vacation pay is additional compensation for services performed, not a gift or gratuity and not an inducement for continued employment (Suastez, supra, at pp. 779-780, 783).
After Suastez, there is no question that an employee whose compensation package includes a 2-week paid vacation in a particular year is earning the monetary equivalent of 52 weeks of pay for a 50-week work year. Where an employee under such an employment arrangement works for the entire 52-week year without either taking his 2 weeks’ paid vacation or being paid for it, his wages have been effectively reduced by the equivalent of 2 weeks’ wages. In other words, his employer has obtained the value of two weeks of its employee’s labor without paying any salary for it.
The Suastez concept of a paid vacation as a concurrently earned component of an employee’s wages with only its payment deferred (see 31 Cal.3d at pp. 780-781) draws a line between an outright forfeiture of the monetary value of vacation time already vested (which is forbidden under Labor Code section 227.3) and limitations that an employer might impose on vacation benefits before such benefits vest.
Neither Suastez nor Labor Code section 227.3 precludes an employer who provides a paid vacation from controlling either the scheduling of vacation time or the amount of vacation time that may be taken at a particular time.
Suastez only prohibits a policy which allows the employer to reduce his employee’s wages for services after the service has been performed. There is no reading of Suastez which would prevent an employer from maintaining control over vacation schedules by either making monetary payments in lieu of time off for vacation time accumulated in excess of an announced limit or announcing a level beyond which additional vacation time would no longer accrue. This would prevent additional vacation from vesting after a certain level had been reached. However, once vacation time has vested, it cannot be divested. There is an obvious difference between a policy which prevents additional vacation time from accruing after a certain amount of such time accrues and a policy which would divest an employee of already accrued vacation time. The latter policy would be equivalent to the employer’s refusal to pay a portion of an employee’s wages after he has accepted the benefit of the employee’s labor. Suastez does not require that an employer include a paid vacation as a portion of his employee’s compensation; however, if he does, he is not free to reclaim it after it has been earned.

*1666
The lower court erred in finding that appellant had waived the provisions of Labor Code section 227.3 solely by failing to take his vacation time during its particular year of eligibility.

It appears from the settled statement as well as Amrol, Inc.’s responding brief that both the court and Amrol, Inc., tacitly concede that the employer’s “use it or lose it” vacation policy was in violation of Labor Code section 227.3 and Suastez. According to the settled statement, the municipal court’s ruling was based on a finding that Henry had waived his right to payment for the unused vacation by his failure to take it during its particular year of eligibility since he was aware of Amrol, Inc.’s stated policy that vacation time could not be carried over from one year to another and that no pay would be given in lieu of vacation.
Civil Code section 3513 provides, in pertinent part, that: “[a]nyone may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement.”
The determination of whether a particular statute is for public or private benefit is for the court in each case (1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 645, p. 586). The provisions of the Labor Code, particularly those directed toward the payment of wages to employees entitled to be paid, were established to protect the workers and hence have a public purpose. As was pointed out in In re Trombley (1948) 31 Cal.2d 801, 809 [193 P.2d 734]: “[i]t has long been recognized that wages are not ordinary debts, that they may be preferred over other claims, and that, because of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due.” (Also see Kerr’s Catering Service v. Department of Industrial Relations (1962) 57 Cal.2d 319, 326-327 [19 Cal.Rptr. 492, 369 P.2d 20].)
Here, considering that the great majority of employees in this state have some sort of paid vacation as a portion of their total compensation, Labor Code section 227.3 is a statute “established for a public reason” and Civil Code section 3513 precludes its waiver. By its own terms, Labor Code section 227.3 defines the only acceptable waiver as one embodied in a *1667 collective bargaining agreement;[1] however, the record on appeal does not establish that one existed, nor is such a contention made by Amrol, Inc.
Another ground for refusing to find a waiver here is that a waiver held valid under these circumstances would make Labor Code section 227.3 meaningless. Henry, or any other employee whose employer had a “use it or lose it” policy on vacations, would have a Hobson’s choice of complying with his employer’s overt but illegal policy on paid vacations (“use it or lose it”) or being forever foreclosed from recovering a portion of the wages that he had earned. It would be analogous to finding that an employee had waived his entitlement to some portion of his wages after he had earned them merely because he had not requested payment in accordance with his employer’s stated time limitations.

Appellant is entitled to recover his attorney fees under Labor Code section 98.2, subdivision (b).

Since this matter was brought to the municipal court by Amrol, Inc., under Labor Code section 98.2, the award of attorney fees is governed by subdivision (b) which provides: “[i]f the party seeking review by filing an appeal to the justice, municipal, or superior court, is unsuccessful in the appeal, the court shall determine the costs and reasonable attorneys’ fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal.”
Triad Data Services, Inc. v. Jackson (1984) 153 Cal.App.3d Supp. 1, 13-15 [200 Cal.Rptr. 418] held that an employer whose appeal of a decision made by the labor commissioner results in an award to the employee which is lower than that originally awarded by the labor commissioner, is “unsuccessful in the appeal” and the employee is the prevailing party. The court said that an appeal under Labor Code section 98.2 was not a review of the labor commissioner’s decision but a “de novo” trial of the underlying facts of the dispute as if no prior hearing had been held, i.e., with the reviewing court acting as a court of original jurisdiction rather than an appellate court. In Dawson v. Westerly Investigations, Inc. (1988) 204 Cal.App.3d Supp. 20, 24 [251 Cal.Rptr. 633], the employer was entirely successful (judgment in the municipal court was entered in his favor following his appeal of an award by the labor commissioner to the employee); however, the municipal court’s award of costs and attorney fees to the employer was reversed. The court held that Labor Code section 98.2, subdivision (b) only allows costs and attorney fees “against the party seeking review [of the labor *1668 commissioner’s award] where that party is unsuccessful in the appeal. Costs (and attorney fees) are not awarded to a successful appellant under Labor Code section 98.2, but are only allowed against an unsuccessful appellant.” (204 Cal.App.3d Supp. 24, italics in original.)
Amrol, Inc. was the “unsuccessful appellant” under Labor Code section 98.2 since Henry was awarded $1,872 plus a penalty plus interest by the municipal court following a trial de novo on his claim for unpaid vacation pay and, following review of the municipal court judgment by this court (which is acting as an appellate court), Amrol, Inc. remains the “unsuccessful appellant.” Henry is entitled to costs and reasonable attorney fees incurred in the municipal court and on appeal (Ghory v. Al-Lahham (1989) 209 Cal.App.3d 1487, 1493 [257 Cal.Rptr. 924]).
Disposition
The judgment is reversed and the matter is remanded to the municipal court with directions to enter a judgment in favor of Appellant Thomas L. Henry for $10,368 in unpaid wages, $5,184 as a penalty under Labor Code section 203, interest calculated pursuant to Labor Code section 98.1, subdivision (c) and attorney fees pursuant to Labor Code section 98.2, subdivision (b), including those incurred in prosecuting this appeal.
Ryan, J., and Rylaarsdam, J., concurred.

 To the extent that Berardi v. General Motors Corp. (1983) 143 Cal.App.3d Supp. 7, 12-13 [192 Cal.Rptr. 392] implies that a forfeiture of vested vacation time can be accomplished via a “clearly and expressly stated” employer policy, we disagree.