[No. C009284. Third Dist. June 2, 1992.]

HAROLD F. BOOTHBY, Plaintiff and Appellant, v.
ATLAS MECHANICAL, INC., Defendant and Respondent.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication except for parts II, III, IV, and V of the Discussion.

## COUNSEL

Gregory D. Thatch and Larry C. Larsen for Plaintiff and Appellant.

Patricia K. Poyner as Amicus Curiae on behalf of Plaintiff and Appellant.

Sedgwick, Detert, Moran & Arnold and Nicholas W. Heldt for Defendant and Respondent.

## OPINION

NICHOLSON, J.— ▮▮▮ Paid vacation provided by an employment agreement vests as the employee labors. (*Suastez* v. *Plastic Dress-Up Co.* (1982) 31 Cal.3d 774, 779 [183 Cal.Rptr. 846, 647 P.2d 122, 33 A.L.R.4th 254].) Because vested vacation is nonforfeitable, an employer must compensate the employee for all vested vacation time remaining unused at termination. (*Id.* at p. 781; Lab. Code, § 227.3; further statutory references are to the Labor Code.) However, an employment agreement may provide that the employee does not earn additional paid vacation if a specified amount of vested vacation remains unused. Such a provision does not attempt forfeiture of vested vacation and is therefore permissible.

Here, an employee sued his former employer for, among other things, vacation allegedly earned over several years but unused, for which his employer did not pay him at termination. The trial court ruled the employee

could not accumulate vacation from year to year absent an agreement permitting accumulation. ■ However, accumulation of vacation time does not depend on an agreement which expressly *permits* it. Rather, unused vacation accumulates unless the employment agreement legally *prevents* it. Accordingly, we reverse and remand for proceedings to determine the substance of the employment agreement and whether it expressly and validly prohibited accumulation of vacation time or attempted an illegal forfeiture of vested vacation time.

## FACTS AND PROCEDURAL HISTORY

Harold F. Boothby worked for Atlas Mechanical, Inc. (Atlas) from 1968 to 1972 and then again from 1974 to 1983, when he resigned. Atlas gave management personnel, such as Boothby, two weeks of paid vacation per year during the first five years of employment and three weeks per year after five years. By unwritten policy, Atlas attempted to prevent accumulation of vacation from year to year. The asserted reasons for this policy were to encourage employees to take vacations "so that they could return to work refreshed" and to prevent hardship to the company when employees take large amounts of vacation time at once. Boothby alleged he did not use 22 weeks of his earned vacation while working for Atlas and did not receive any payment in place of the vacation.

Boothby sued Atlas, claiming Atlas must pay him $24,200 for the vacation time he earned but did not use. Atlas moved for summary judgment or summary adjudication of issues contending its vacation policy "limits eligibility to a maximum of one year['s] entitlement. Any other vacation that has been previously earned, but not used, is lost." It also asserted Boothby knew he could not accumulate vacation. Boothby contended (1) Atlas orally promised him he could accrue vacation beyond one year's entitlement and (2) section 227.3 and *Suastez, supra,* 31 Cal.3d 774, entitled him to accumulate vacation as a matter of law.

The trial court denied the motion for summary judgment but issued an order of summary adjudication of issues. It held Boothby could recover vacation pay for the years preceding the year in which he resigned only if he could prove he and Atlas agreed to accumulate vacation from year to year. Acknowledging no such agreement existed and that he could not prevail under the trial court's view of the law, Boothby stipulated to judgment in favor of Atlas. (See *Connolly* v. *County of Orange* (1992) 1 Cal.4th 1105, 1111 [4 Cal.Rptr.2d 857, 824 P.2d 663] [allowing appeal from stipulated judgment when stipulation entered after adverse determination of critical issue].)

## DISCUSSION

### I

*Forfeiture of Vested Vacation Pay and Accumulation of Vacation Time*

Section 227.3 prohibits forfeiture of vested vacation pay at termination. The employer must compensate the terminating employee for unused vested vacation time. (*Suastez, supra,* 31 Cal.3d at p. 781.) Section 227.3 provides: "Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness."

 Atlas claims section 227.3 does not prohibit forfeiture of vested vacation, other than at termination, by failure to use the vacation time within a prescribed period. It asserts "use it or lose it" vacation policies validly prevented employees from accumulating vacation before enactment of section 227.3, and section 227.3 has no effect on such policies. Atlas concludes Boothby cannot recover pay for unused vacation earned before 1983 because either he took vacation during those years or his right to paid vacation for those years was divested due to his failure to take it.

In 1935, the Court of Appeal held a vacation is "on the one hand a beneficent surcease from regular duty for two weeks each year, that a period of freedom, rest or diversion for the employee may be enjoyed, and upon the other a gain to the employer through a recuperated and better satisfied employee." (*Nicholson v. Amar* (1935) 7 Cal.App.2d 290, 291 [45 P.2d 697].) In *Nicholson,* a city employee, though entitled to two weeks of vacation each year, took no vacation for several years. When he terminated his employment with the city, he claimed additional pay in place of vacation. (*Ibid.*) The court rejected the claim stating he waived the right to a paid vacation by failing to take it. The court concluded allowing accumulation of vacation would negate the benefits of temporary freedom from work for the employee and a recuperated employee for the employer. (*Ibid.*)

Since enactment of section 227.3 in 1972, the California Supreme Court has considered the concept of paid vacation. While prior law, as *Nicholson*

emphasized, addressed the effect of a paid vacation in its benefits to both employee and employer, current law, as the Supreme Court now emphasizes, centers on the employee's earned right to vested vacation pay. (*Suastez, supra,* 31 Cal.3d at pp. 780-781.) The court "has adopted the view that vacation pay is simply a form of deferred compensation." (*Id.* at p. 780.) Although *Suastez* does not specifically determine the vitality of employer policies preventing accumulation of vacation from year to year, it recognizes and embraces earned vacation as a form of compensation.

In *Suastez,* the plaintiff, after termination, claimed a pro rata share of vacation pay for vacation he had not taken during the year he was terminated. (31 Cal.3d at p. 777.) The employer refused to pay the claim because employees were not eligible for any vacation pay earned during the year of employment unless they were still employed on the next anniversary of the day they began work. The employer argued the vacation pay was not vested under section 227.3 and need not be paid upon termination. (*Id.* at p. 778.)

Rejecting the employer's argument, the court held the right to vacation pay vested under section 227.3 as it was earned. (31 Cal.3d at p. 779.) The court stated: "When considering the meaning of the phrase 'vested vacation time' as used in section 227.3, it is important to keep in mind the nature of vacation pay. It is established that vacation pay is not a gratuity or a gift, but is, in effect, additional wages for services performed. [Citations.] In an early, oft-cited case determining employees' rights to vacation pay under a collective bargaining agreement, Judge Augustus Hand wrote, 'A vacation with pay is in effect additional wages. It involves a reasonable arrangement to secure the well being of employees and the continuance of harmonious relations between employer and employee.' (*In re Wil-Low Cafeterias* (2d Cir. 1940) 111 F.2d 429, 432.) The consideration for an annual vacation is the employee's year-long labor. Only the time of receiving these 'wages' is postponed. (*Ibid.*) [¶] 'Many tribunals have taken the view that vacation pay is simply an alternate form of wages, earned at the time of other wages, but whose receipt is delayed.' [Citations.]" (*Ibid.*)

The *Suastez* court concluded: "*The right to a paid vacation,* when offered in an employer's policy or contract of employment, *constitutes deferred wages for services rendered.* Case law from this state and others, as well as principles of equity and justice, compel the conclusion that *a proportionate right to a paid vacation 'vests' as the labor is rendered. Once vested, the right is protected from forfeiture by section 227.3.*" (*Suastez, supra,* 31 Cal.3d at p. 784, italics added.) This treatment of vacation pay as a vested right is in contrast to the *Nicholson* view of vacation as a fleeting benefit to be seized before it dissipates along with the end of the year in which it should have been taken.

■ Turning to the statutory context of section 227.3, we note vacation pay falls within section 200's definition of "wages" as "all amounts for labor performed by employees of every description, . . ." (See *People* v. *Bishopp* (1976) 56 Cal.App.3d Supp. 8, 11 [128 Cal.Rptr. 923].) Wages, in turn, are jealously protected by statutes for the benefit of employees. For example, section 206.5 makes it a misdemeanor for an employer to require an employee to execute a release of a claim for wages unless the wages have been paid. Section 219 provides, "no provision of this article [concerning payment of wages] can in any way be contravened or set aside by a private agreement, whether written, oral, or implied." Allowing an employer to require forfeiture of vested vacation pay if the employee does not take the vacation during a prescribed time period would contravene the laws of California which define vacation pay as wages and protect those wages from forfeiture.

Accordingly, section 227.3 and *Suastez* prohibit *any* forfeiture of a private employee's vested vacation time. (See *Berardi* v. *General Motors Corp.* (1983) 143 Cal.App.3d Supp. 7, 12 [192 Cal.Rptr. 392]; see also *Seymour* v. *Christiansen* (1991) 235 Cal.App.3d 1168, 1179 [1 Cal.Rptr.2d 257] [holding vacation pay of public school employee governed by Education Code and state Constitution, not § 227.3 and *Suastez*].) On termination, an employee must be paid in wages for all vested but unused vacation unless a collective bargaining agreement provides for some other form of compensation. (§ 227.3; *Suastez, supra,* 31 Cal.3d at p. 784.) When vacation is earned during a period of employment (for example, two weeks of paid vacation annually) and the employee does not complete the period, section 227.3 requires compensation for a pro rata share of the unused vacation based on the percentage of the period completed. (*Ibid.*)

Boothby, however, did not necessarily continue to earn and accumulate vacation as a matter of law. As they did in the trial court, the parties, in their arguments on appeal, overlook the subtle but critical difference between two different types of vacation policies, both of which, on their face, prevent accumulation of vacation time from year to year.

■ A "use it or lose it" vacation policy provides for forfeiture of vested vacation pay if not used within a designated time, while a "no additional accrual" vacation policy prevents an employee from earning vacation over a certain limit. Although both policies achieve virtually the same result, the former is impermissible and the latter permissible.

This distinction is consistent with *Suastez*. Because vacation in an amount established by the employment agreement is deferred compensation for services rendered, the right to paid vacation vests as the employee labors. It

is nonforfeitable. However, if the employment agreement precludes an employee from accruing more vacation time after accumulating a specified amount of unused vacation time (a "no additional accrual" policy), the employee does not forfeit vested vacation pay. A "no additional accrual" policy simply provides for paid vacation as part of the compensation package until a maximum amount of vacation is accrued. The policy, however, does not provide for paid vacation as part of the compensation package while accrued, unused vacation remains at the maximum. Since no more vacation is earned, no more vests. A "no additional accrual" policy, therefore, does not attempt an illegal forfeiture of vested vacation.

As stated in *Henry v. Amrol, Inc.* (1990) 222 Cal.App.3d Supp. 1 [272 Cal.Rptr. 134], the law does not prevent an employer from "announcing a level beyond which additional vacation time would no longer accrue. This would prevent additional vacation from vesting after a certain level had been reached. However, once vacation time has vested, it cannot be divested. There is an obvious difference between a policy which prevents additional vacation time from accruing after a certain amount of such time accrues and a policy which would divest an employee of already accrued vacation time." (*Id.* at p. 5; see also *Bonn v. California State University, Chico* (1979) 88 Cal.App.3d 985, 990-992 [152 Cal.Rptr. 267].)

For some employers, particularly small businesses, a "no additional accrual" policy which permits accumulation of no more than a specified amount of unused vacation may be necessary to meet the employer's reasonable needs. (See *Bonn, supra,* 88 Cal.App.3d at p. 992.) When an employee takes a short vacation, the company may be able to cover the absence using existing staff and resources with minimal disruption. However, if an employee could accumulate many months of vacation and then take it all at once, the business might not have the resources to absorb the substantial disruption. Even though section 227.3 "does not purport to limit an employer's right to control the scheduling of its employees' vacations" (*Suastez, supra,* 31 Cal.3d at p. 779, fn. 7; *Henry, supra,* 222 Cal.App.3d Supp. at p. 5), accumulation of vacation could impose significant hardships on employers when employees with large amounts of unused vacation terminate. Moreover, in some businesses the duties of employees may be such that extended work without any vacation might jeopardize creativity or productivity and thus work to the company's disadvantage. (See *Nicholson, supra,* 7 Cal.App.2d at p. 291; but see *Bonn, supra,* at p. 992 [holding a public employer may not require an employee to take unused vacation rather than receiving a lump sum payment at termination].)

■ The success of Atlas's attempt to prevent Boothby's accumulation of vacation time depends on whether the employment agreement included an

impermissible "use it or lose it" policy or a valid "no additional accrual" policy. In its order of summary adjudication, the trial court stated: "Labor Code Section 227.3 and *Suastez*[, *supra*, 31 Cal.3d 774], do not entitle an employee to accumulate vacation pay from year to year in the absence of an employer policy or contract of employment permitting such accumulation." The court concluded there remained a question of fact concerning whether Atlas and Boothby agreed vacation would accumulate from year to year. This ruling misstated the law as we have explained it and misdirected the proceedings. The factual issue on Atlas' motion for summary judgment or summary adjudication should have been whether the employment agreement between Atlas and Boothby included a valid "no additional accrual" vacation policy. (See *Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654, 680 [254 Cal.Rptr. 211, 765 P.2d 373]; *Wilkerson* v. *Wells Fargo Bank* (1989) 212 Cal.App.3d 1217, 1227 [261 Cal.Rptr. 185] [suggesting means of ascertaining the existence and content of an employment agreement].) In making this determination, the intent of the parties to the agreement, not necessarily the inartful language used, determines its substance. (*Strong* v. *Theis* (1986) 187 Cal.App.3d 913, 918 [232 Cal.Rptr. 272].)

The record on appeal contains some evidence concerning the unwritten vacation policy which may have been a part of the employment agreement between Atlas and Boothby. However, we may not have all material evidence on this issue in the record on appeal. Atlas merely asserted it made no agreement with Boothby to accumulate vacation and, therefore, vacation did not accumulate. Boothby contended vacation accumulated as a matter of law, regardless of the provisions of the employment agreement. Neither position required proof of the substance of the vacation policy in the employment agreement. Consequently, we cannot discern whether the parties agreed to a "no additional accrual" vacation policy. If they did, Atlas need not compensate Boothby for any more unused vacation. If they did not, the finder of fact must determine how much vacation accrued and how much of it Boothby did not use. Accordingly, we reverse and remand for further proceedings to ascertain the material facts and apply accurately the laws governing vacation policies in employment agreements.

II-V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment in favor of Atlas with respect to vacation pay for the years preceding the year in which Boothby resigned is reversed and remanded for

---

*See footnote, *ante*, page 1595.

further proceedings consistent with this opinion. In all other respects, the judgment is affirmed. Boothby's motion for judicial notice of an interpretive bulletin of the Labor Commissioner is denied. The parties shall bear their own costs.

Scotland, Acting P. J., and Raye, J., concurred.

Respondent's petition for review by the Supreme Court was denied August 13, 1992. Panelli, J., was of the opinion that the petition should be granted.