[No. B079614. Second Dist., Div. Six. Feb. 22, 1995.]

ALVARO SEQUEIRA, Plaintiff and Appellant, v.
RINCON-VITOVA INSECTARIES, INC., Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].*

**COUNSEL**

Stenzel & Koehn and Janet M. Koehn for Plaintiff and Appellant.

Joseph Posner as Amicus Curiae on behalf of Plaintiff and Appellant.

Jeffrey D. Jennings for Defendant and Respondent.

H. Thomas Cadell and William A. Reich as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**GILBERT, J.**—A management employee claims he is entitled to payment for all the unused vacation time he accumulated over the 12 years he was employed by a company. He also claims he is entitled to compensatory pay for extensive "overtime" hours he alleges he worked for the firm.

Alvaro Sequeira. appeals from the judgment of the trial court awarding him part of his claim for compensation in lieu of vacation time and denying entirely his claim for payment of overtime from respondent, Rincon-Vitova Insectaries, Inc. (Rincon), his former employer.

We hold that the four-year statute of limitations provided by Code of Civil Procedure section 337 applies to Sequeira's claim for payment for unused vacation time. [[/]]* We affirm.

## FACTS

In 1980, Rincon hired Sequeira as an entomologist under a written employment contract. The contract entitled Sequeira to take an annual paid vacation of 10 working days which he could accumulate during the term of the contract until he designated and took the time off. By 1986, Sequeira became Rincon's production manager and a member of its board of directors. In December 1992, Rincon eliminated Sequeira's position. Sequeira filed an application with the California Labor Commissioner seeking compensation for all his unused vacation time and for compensatory time for working on weekends and on holidays during the 12 years he worked for Rincon.

The Labor Commissioner awarded Sequeira $6,003.95, including interest, for unused vacation earned, but not taken within the four years prior to his termination. The commissioner denied his claim for compensation for vacation time earned prior to 1989 as barred by the four-year statute of limitations applicable to written contracts. (Code Civ. Proc., § 337; Division of Labor Standards Enforcement's Interpretive Bull. No. 87-7 (July 29, 1987); Lab. Code, § 227.3.)

[[/]]*

Sequeira obtained de novo review of this administrative decision in the superior court, pursuant to Labor Code section 98.2, subdivision (a). The trial court also ruled that the four-year statute of limitations applies to this case and awarded Sequeira $5,832.53 and interest for unused vacation time, which is approximately the same amount as awarded in the administrative proceeding. [[/]]*

Accordingly, the trial court ruled that Sequeira "should not be compensated for . . . compensatory time." This "appeal from the judgment entered in the de novo proceedings is appropriate. [Citation.]" (*Gipe* v. *Superior Court* (1981) 124 Cal.App.3d 617, 626 [177 Cal.Rptr. 590].)

## DISCUSSION

### *Vacation Time*

 Sequeira contends that under Labor Code section 227.3, his claim for compensation in lieu of vacation time accrued when he left employment

---

*See footnote, *ante*, page 632.

at Rincon, and that it would be an unreasonable forfeiture to deny him pay for any of the unused vacation time he acquired throughout his 12-year tenure at Rincon. He maintains that the four-year statute of limitations does not apply to his claim.

Labor Code section 227.3 states, in pertinent part, that "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages . . . *in accordance with such contract* . . . or . . . policy . . . ; provided, however that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. *The Labor Commissioner . . . , in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness*." (Italics added.)

On July 29, 1987, the Division of Labor Standards Enforcement (DLSE) issued Interpretive Bulletin No. 87-7 regarding "the application of the statute of limitations to vacation pay claims under Labor Code section 227.3 . . . ." DLSE determined that "the obligation to use vacation arises as it is earned (so the statute [of limitations] is running), while the obligation to pay accrued vacation under Section 227.3 arises only at the time of termination at which point the statute of limitations commences to run on the right to sue for the entire vested amount."

■ Because the DLSE administers and enforces Industrial Welfare Commission orders, and because the Labor Commissioner may hear employee complaints regarding matters such as the instant one, its " 'interpretation is entitled to great weight and under established principles of statutory construction, unless it is clearly unreasonable, it will be upheld . . . .' " (*Keyes Motors, Inc.* v. *Division of Labor Standards Enforcement* (1987) 197 Cal.App.3d 557, 564 [242 Cal.Rptr. 873]; see also Lab. Code, §§ 61, 98, 1193.5; *Millan* v. *Restaurant Enterprises Group, Inc.* (1993) 14 Cal.App.4th 477, 486 [18 Cal.Rptr.2d 198].)

The DLSE noted that if an employer refuses to pay wages pursuant to a contract, "an employee must sue within the statute of limitations . . . ." "In the vacation pay situation, an employee can take a similar affirmative step to enforce his or her right to the vacation by simply using the vacation. ■ Accordingly, . . . the statute of limitations begins to run as the vacation is earned or at the point when the employee is eligible to take the vacation." The DLSE explained that unless the statute of limitations were applied, "[w]e would be required to review the entire employment history of the person . . . to determine if any vacation was owed."

In issuing this bulletin, DLSE applied the decision of the California Supreme Court in *Suastez* v. *Plastic Dress-Up Co.* (1982) 31 Cal.3d 774 [183 Cal.Rptr. 846, 647 P.2d 122, 33 A.L.R.4th 254]. DLSE's interpretation of Labor Code section 227.3 is in accord with our high court's pronouncements in *Suastez. Suastez* considered the question of when the right to annual paid vacations vests. (31 Cal.3d at pp. 776, 778.) The court held that "vacation pay is . . . additional wages for services performed. [Citations.]" (*Id.* at p. 779; see Lab. Code, § 200, subd. (a).) "Only the time of receiving these 'wages' is postponed." (*Suastez, supra,* at p. 779.) "The right to a paid vacation, . . . constitutes deferred wages for services rendered." (*Id.* at p. 784.) "The consideration for an annual vacation is the employee's year-long labor." (*Id.* at p. 779.) "[T]he employee has earned *some* vacation rights ' "as soon as he has performed substantial services for his employer." ' [Citations.]" (*Id.* at pp. 780-781, italics in original.) Thus, " ' "when the services are rendered, the right to secure the promised compensation is vested as much as the right to receive wages or other form of compensation." ' [Citations.]" (*Id.* at p. 781.)

During each year that he worked, Sequeira earned 10 days of vacation which he could take annually.[1] Rincon placed no penalty on the employee's choice to accumulate vacation time and to take it anytime he designated to do so while he was under contract with the firm. Thus, Rincon did not exact a forfeiture, under Labor Code section 227.3, by requiring employees to " 'use it or lose it.' " (See *Boothby* v. *Atlas Mechanical, Inc.* (1992) 6 Cal.App.4th 1595, 1601 [8 Cal.Rptr.2d 600].)

Neither does forfeiture result under the DLSE rule. The bulletin defines and regulates when an employee may make a claim for payment of unused contractual vacation time which comports with equity under Labor Code section 227.3 and with the applicable statutes of limitation. Unless tolled by a contractual or policy provision which forces employees to use or lose earned vacation time, one has four years from the date of termination to bring an action for compensation for vested time not claimed under a written contract of employment. One may claim payment only for unused time accrued during the four-year period preceding termination. (DLSE Interpretive Bulletin No. 87.7.)

The instant contract allowed Sequeira to designate and take vacation time anytime during his employment with Rincon, *but his right to take vacation vested annually.* Because Sequeira could have demanded the right to take a vacation as soon as it accrued under his contract with Rincon, his cause of

---

[1]Although the contract is not a part of the record on appeal, it is undisputed that the contract provided for the vacation time stated by Sequeira.

action accrued at that time as well. (See generally, *Dillon* v. *Board of Pension Commrs.* (1941) 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800]; *White* v. *Moriarty* (1993) 15 Cal.App.4th 1290, 1299 [19 Cal.Rptr.2d 200].) Rincon never refused any demand Sequeira made for vacation time during his employment. Because Rincon did not exact a "use it or lose it" ultimatum, Sequeira suffered no forfeiture under the contract and no equitable tolling occurred. (Lab. Code, § 227.3; DLSE Interpretive Bulletin No. 87-7; *Suastez* v. *Plastic Dress-Up Co.*, *supra*, 31 Cal.3d at pp. 779-781; *Boothby* v. *Atlas Mechanical, Inc.*, *supra*, 6 Cal. App.4th at p. 1601.)

Statutes of limitations and the equitable doctrine of laches constitute a recognition that claims can become stale—documents may be lost and memories fade over time. The rationale for statutes of limitations and for the doctrine of laches is demonstrated by testimony in this case. When asked what his salary was when he began employment at Rincon, Sequeira stated he believed it was $850 a month, even though his written contract with Rincon apparently stated a minimum of $950. And, when Sequeira was asked to recall when he worked the overtime he claimed from 1980 through 1985, he was unable to rely on his memory. He stated that he would "have to go and look at [his] notes, . . ." and he opined that "I would say most of the weekend [*sic*] I was working . . . ."

Sequeira is precluded from demanding that Rincon pay him for all the unused vacation time accruing under written contract over the entire 12 years of his employment with Rincon. His filing of this claim within four years of termination of his employment does not revive the stale claims for time which vested more than four years prior to the date of termination. (See *White* v. *Moriarty*, *supra*, 15 Cal.App.4th at p. 1298.)

[[*Compensatory Time*]]*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed. Costs to Rincon.

Stone (S. J.), P. J., and Yegan, J., concurred.

---

*See footnote, *ante*, page 632.