NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY GUNTHER, for herself and for all other current and former aggrieved employees, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation, <br><br> Defendant-Appellee. | No.  17-56626 <br><br> D.C. No. 2:16-cv-02541-PSG-MRW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted March 4, 2019[**]
Pasadena, California

Before:  WARDLAW and BENNETT, Circuit Judges, and SESSIONS,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Kimberly Gunther appeals the district court's holding that International Business Machines Corporation's (IBM) California vacation and personal-choice holiday (PCH) policies (collectively "the Plan") are lawful under section 227.3 of the California Labor Code. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Section 227.3 of the California Labor Code prohibits the forfeiture of vested vacation time upon termination of employment. Here, the Plan caps the number of vacation and PCH days IBM employees can accrue in the future, based in part on how many vacation and PCH days they have already accrued but not used. The Plan does not, however, reclaim or take away vacation or PCH days that have already vested. Thus, the Plan is legal under section 227.3. *See Boothby v. Atlas Mech., Inc.*, 8 Cal. Rptr. 2d 600, 604–05 (Ct. App. 1992).

It is therefore immaterial whether PCH days should be treated as vacation days for purposes of section 227.3. If PCH days are treated as vacation days, then the PCH policy is legal under section 227.3 because PCH days and vacation days are capped in the same way. If PCH days are not treated as vacation days, then section 227.3 does not apply in the first place.

**AFFIRMED.**