NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER M. SANSONE, Individually and on Behalf of Other Members of the Public Similarly Situated and ORDUNO BALDEMAR, Jr., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC.; et al., <br><br> Defendants - Appellees. | No.   19-56158 <br><br> D.C. No. 3:17-cv-01880-WQH-JLB <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William H. Hayes, District Judge, Presiding

Submitted October 15, 2020**
Pasadena, California

Before:  MURGUIA and OWENS, Circuit Judges, and SETTLE,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Plaintiffs Jennifer Sansone and Baldemar Orduno, Jr. appeal from the district court's summary judgment of their claims against their current and former employers, Charter Communications, Inc. ("CCI"), Charter Communications, LLC ("CCL"), and TWC Administration LLC ("TWCA") (collectively, Defendants). Plaintiffs contend TWCA violated California Labor Code § 227.3 when it transferred Plaintiffs' unused vested vacation time to CCL without their consent rather than paying it as wages after the merger. Plaintiffs also contend CCL breached its contract with Orduno when it lowered his compensation following the merger. "We review de novo a district court's decision to grant summary judgment." *Weber v. Allergan, Inc.*, 940 F.3d 1106, 1110 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We affirm in part, reverse in part, and remand.

1. The district court erred in granting summary judgment on Plaintiffs' claims under California Labor Code § 227.3 for failure to pay vested vacation time upon termination and for devaluation of their vacation time. Section 227.3 entitles an employee to "all vested vacation time remaining unused at termination." *Boothby v. Atlas Mech., Inc.*, 8 Cal. Rptr. 2d 600, 601–02 (Ct. App. 1992). The central issue here is whether Plaintiffs were terminated such that TWCA was obligated to pay Plaintiffs their unused vested vacation time. We conclude that Plaintiffs were terminated within the meaning of § 227.3.

2

In *Chapin v. Fairchild Camera & Instrument Corp.*, 107 Cal. Rptr. 111 (Ct. App. 1973), the California Court of Appeal concluded that the defendant's sale of the department in which the plaintiffs worked was a termination entitling the employees to severance benefits, as the defendant's sale "made it wholly impossible for the [plaintiffs] to continue their employment with [the defendant]."[1] *Id.* at 116. Similarly, TWCA "made it wholly impossible for [Plaintiffs] to continue their employment with" TWCA by merging with CCI. *Id.* Further, like severance pay is "a kind of accumulated compensation for past services," *id.*, vacation pay is a "form of deferred compensation," *Suastez v. Plastic Dress-Up Co.*, 647 P.2d 122, 125 (Cal. 1982). "It concerns the past, not the future, and once it is earned, it becomes payable no matter what may thereafter happen." *Chapin*, 107 Cal. Rptr. at 116. Thus, notwithstanding the fact that Plaintiffs' vacation time was transferred to CCL, Plaintiffs were entitled to payment of their unused vested vacation time when their employment ended with TWCA in December 2016, absent an agreement to the contrary. *See id.*; *see also* Cal. Div. of Lab. Standards Enf't, Enf't Policies & Interpretations Manual § 15.1.11 (2002) (citing *Chapin* in its section on vacation wages and explaining that California courts have held that

---

[1] Because the California Supreme Court has not decided whether employees are effectively terminated when transferred to a new employer following a merger, this court "must reasonably determine the result that the highest state court would reach if it were deciding the case." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016).

"a sale of the business constitutes a termination of the employment"). Therefore, the district court improperly granted Defendants summary judgment on Plaintiffs' § 227.3 claims.[2]

2. Because we reverse the district court's grant of summary judgment on Plaintiffs' § 227.3 claims, we also reverse summary judgment on the derivative claims for waiting time penalties and unfair competition. *See Cousins v. Lockyer*, 568 F.3d 1063, 1071–72 (9th Cir. 2009).

3. However, the district court properly granted summary judgment on Orduno's breach of contract claim. Orduno contends CCL breached its contract with him when it lowered his pay after committing in writing that former TWCA employees' base pay would not be reduced for one year following the merger. A cause of action for breach of contract requires proof of the following elements: "(1) existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). Orduno has not shown there is a genuine dispute of material fact as to an

---

[2] While the district court cited *Elias v. Superior Court*, No. G050404, 2015 WL 1455910 (Cal. Ct. App. Mar. 30, 2015), in analyzing whether Plaintiffs were terminated, this court cannot rely on it, as it is non-precedential and therefore "cannot inform our analysis of California law," *Loftis v. Almager*, 704 F.3d 645, 657 n.4 (9th Cir. 2012).

enforceable contract based on TWCA Executive Vice President Peter Stern's email. *See* Cal. Civ. Code § 2330 (providing that only an agent acting within the scope of his authority can bind the principal to a contract). Additionally, we decline to consider Orduno's third-party beneficiary argument, as it is based on a merger agreement that the district court properly determined was not subject to judicial notice. *See* Fed. R. Evid. 201.

Each party shall bear its own costs on appeal. *See* Fed. R. App. P. 39(a).

**AFFIRMED in part; REVERSED in part; REMANDED**.